FRANK ZORRILLA ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* C-64-84     *Resuelto:* 11 de marzo de 1965

*Manuel Janer Mendía, Rafael Marzán Robles* y *Néstor Barbosa Vargas,* abogados del peticionario; *Ángel S. Pérez González,* abogado del patrono.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 14 de febrero de 1964 el Secretario del Trabajo acudió al Tribunal Superior, Sala de San Juan, y acogiéndose al procedimiento especial establecido en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 y ss. (Supl. 1963, pág. 54), instó una querella para beneficio del obrero Isabelo del Valle contra Alfonso López Carrasquillo en reclamación de la suma de $1,379.56, por concepto de diferencias en salarios y horas extras trabajadas. En 3 de abril el querellado compareció y solicitó una prórroga de treinta días, mediante moción no jurada, en la cual expuso que:

"El querellado ha sido sorprendido en su buena fe por la radicación de esta querella, habida cuenta de que el caso se había resuelto satisfactoriamente en su etapa administrativa en la Oficina del Administrador del Area I, del Departamento del Trabajo de San Juan, Puerto Rico, mediante una vista administrativa celebrada el día 28 de mayo de 1963.

"Que después de haber sido resuelto este caso y haberse estipulado ciertas y determinadas condiciones y errores habidos en la reclamación; ahora se presenta el obrero através [sic] de su representación haciendo una reclamación fabulosa."

El tribunal declaró sin lugar la moción de prórroga para alegar, "por no cumplir con la Ley # 2 de 1960 [sic]." Obviamente se refería al hecho de que el escrito no fue jurado. En 22 de abril se notificó a las partes la resolución recaída.

Dos semanas después el Secretario solicitó se dictara sentencia invocándose para ello la Sec. 4 de la ley mencionada, 32 L.P.R.A. sec. 3121, que autoriza a conceder el remedio solicitado cuando el querellado no radica su contestación en la forma y en el término dispuesto en la Sec. 3, 32 L.P.R.A. sec. 3120. Dictóse la sentencia. Se archivó en autos copia de la notificación en 26 de mayo. Varios meses transcurrieron. En agosto se solicitó la ejecución de la sentencia. Se embargaron fondos del querellado en el Banco Crédito y Ahorro Ponceño.

Al ser notificado del embargo practicado, el querellado presentó una moción en 21 de septiembre solicitando la suspensión del trámite de ejecución y que se dejara sin efecto la sentencia a tenor con las disposiciones de la Regla 49.2 de las de Procedimiento Civil de 1958. En 9 de octubre el tribunal de instancia accedió a la anterior solicitud y ordenó el señalamiento del caso. Expedimos auto de *certiorari* para revisar esta actuación.

1. La Sec. 7 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3124, dispone que el tribunal conservará la discreción que le concede la Regla 49.2 citada, en casos de error, inadvertencia, sorpresa, negligencia excusable, o fraude para dejar sin efecto una sentencia dictada en casos tramitados siguiendo el procedimiento especial sumario. Requiere que: 1—la moción se radique dentro del término de sesenta días de notificada la sentencia a las partes, y, 2—los motivos se expongan bajo juramento. Y termina diciendo que "De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el Tribunal deberá declararla sin lugar de plano."

Ya en el párr. 4 de la Sec. 3 se había dispuesto la aplicación de las Reglas de Procedimiento Civil en todo aquéllo que no esté en conflicto con las disposiciones específicas de la ley especial o con el carácter sumario del procedimiento. Véase, *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964), sobre la aplicación de las Reglas 6.3 y 10.4 —consolidación de defensas—en relación con la Regla 13.1 sobre enmienda a las alegaciones. Recientemente en *Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964), aplicamos la propia Regla 49.2 y dejamos sin efecto una sentencia por haberse incurrido en error por el secretario del tribunal al devolver por iniciativa propia una moción de prórroga no jurada presentada por la parte querellada.

■ Sin embargo, el punto envuelto en el presente recurso es que la moción bajo la Regla 49.2 —con las limitaciones

que contiene la Sec. 7 (¹) —no se radicó. dentro del término de sesento días de haberse notificado la sentencia. Con relación al término de seis meses provisto en la anterior Regla 60, hemos sostenido consistentemente que el mismo es fatal. *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961 (1953); *Great American Insurance Co.* v. *Corte*, 67 D.P.R. 564 (1947). Igual solución se impone en cuanto al plazo de 60 días de la Sec. 7, y aún con mayor justificación considerado el lenguaje en que está redactada la oración final que instruye al tribunal a declarar la moción sin lugar, de plano, en casos de inobservancia del término de radicar. La naturaleza sumaria del procedimiento también requiere igual solución.

■ 2. Hasta aquí todo indica que el tribunal recurrido se excedió en las facultades que le correspondían bajo la Sec. 7. Mas, para hacer cumplida justicia, y encontrándose los autos originales completos ante este Tribunal, es preciso que consignemos que liberalmente interpretadas las alegaciones formuladas en la llamada moción de prórroga, equivalían a una negativa de los hechos expuestos en la querella, pues específicamente expuso que la reclamación objeto del pleito había sido dilucidada administrativamente y resuelta en forma contraria a las pretensiones del obrero. No importa los errores u omisiones en que pudo haber incurrido el querellado en el trámite procesal, lo cierto es que la controversia quedó trabada, y que, por tanto, el tribunal se excedió al dictar sentencia a solicitud del querellante. Cf. *Gallart, Admor.* v. *Banco Popular*, 91 D.P.R. 818 (1965).

---

(¹) Es preciso destacar que los motivos por los cuales se puede solicitar se deje sin efecto la sentencia en los casos de reclamaciones de salarios tramitados conforme a la ley especial no incluyen el descubrimiento de evidencia esencial, la nulidad o satisfacción de la sentencia y "cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."

*Por los fundamentos expuestos se devolverá el caso al tribunal de instancia para la continuación de los procedimientos.*