ALFREDO NAZARIO, ETC., en representación y para beneficio del obrero, TEÓFILO VILLAVICENCIO, querellantes y recurrentes, *v.* JOYERÍA GORDONS, INC. y LOUIS GOLDSTEIN, querellados y recurridos.

*Número:* R-70-87      *Resuelto:* 2 de febrero de 1971

*Ángel Alfonso Colón* y *Rafael A. Marzán Robles,* abogados del recurrente; *Ramón Cancio,* abogado de los recurridos.

PER CURIAM: Teófilo Villavicencio comenzó a trabajar para Joyería Gordons, Inc., el 18 de mayo de 1960. El 1ro. de agosto de 1961 pasó a ocupar una posición de ejecutivo en la referida firma, la que desempeñó hasta el 29 de febrero de 1964.

El 23 de noviembre de 1966 radicó querella para cobrar las horas extras trabajadas durante el período comprendido entre el 18 de mayo de 1960 y el 31 de julio de 1961.

Alega la querellada que el término para iniciar la acción debe empezarse a contar desde el 31 de julio de 1961, cuando pasó a ser ejecutivo y no desde el 29 de febrero de 1964 cuando cesó como empleado. El tribunal de instancia le dio la razón y determinó que la acción había caducado.[1] Acordamos revisar.

Antes de la aprobación de la Ley de Salario Mínimo de 1956, siguiendo lo dispuesto en el Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297, resolvimos en *Muñoz* v. *Corte,* 63 D.P.R. 236 (1944) y *Vicenty* v. *Corona Brewing Corporation,* 73 D.P.R. 135 (1952), que el término para ejercitar las acciones para recobrar salarios de un patrono comenzaba desde que el obrero cesaba en el desempeño de determinado servicio. Esto es, que si pasaba a desempeñar una función distinta para el mismo patrono, el término para iniciar la

---

[1] El Art. 32 de la Ley de Salario Mínimo de 1956, 29 L.P.R.A. sec. 246(d), establece un término de tres años para iniciar la acción.

acción comenzaba, como establece el Art. 1867 del Código Civil, "desde que dejaron de prestarse los respectivos servicios." Pero en el año 1956 la Asamblea Legislativa al aprobar la nueva Ley de Salario Mínimo cambió esta norma y específicamente estableció en la Sec. 32, 29 L.P.R.A. sec. 246(d), el mismo término de tres años que dispone el Art. 1867, pero dispuso que "para la prescripción de esta acción el tiempo se contará desde que el empleado cesó en su empleo con el patrono" y que "en relación con el término prescriptivo provisto en esta sección, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo." (²)

No podemos convenir con el tribunal de instancia de que el reclamante "cesó en su empleo con el patrono" cuando pasó a ocupar una posición ejecutiva.

En un caso originado en la propia Sala de San Juan del Tribunal Superior, *Pedro J. García Román* v. *Fajardo Eastern Sugar, C. Brewer Puerto Rico, Inc.*, civil 62-1314, se planteó esta misma cuestión. Se resolvió que no estaba prescrita la acción. Nos negamos a revisar. A continuación el razonamiento de la Sala sentenciadora: "En cuanto a la caducidad de la acción de aquellos listeros que luego pasaron a segundo mayordomo, no creemos que el término empiece a correr a partir del momento del ascenso. El argumento de la querellada aunque en extremo ingenioso y bien elaborado está contra el espíritu de la ley. Al conceder al obrero hasta tres años, después de haber cesado en su empleo, como término para iniciar su acción, el legislador tuvo en mente las presiones a que el obrero pueda verse sometido por su patrono, presiones que no existen una vez hayan cesado las relaciones obrero patronales. Si bien es cierto que los segundos mayor-

---

(²) En *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965), resolvimos que el término establecido en el Art. 32 de la Ley de Salario Mínimo de 1956 era uno de caducidad. Pero véase la Ley Núm. 106 de 6 de junio de 1967 que enmienda dicho artículo.

domos por ser ejecutivos no están cubiertos por la legislación laboral, no es menos cierto que siguieron siendo empleados de la querellada. Como tales empleados seguían sujetos a las presiones emocionales en consideración a las cuales el legislador concedió un término de tres años para iniciar la acción en reclamación de salarios después de cesar el obrero en el empleo." Ver: *Agostini* v. *Tribunal Superior*, 82 D.P.R. 219 (1961) y *Rodríguez* v. *Eastern Sugar*, 82 D.P.R. 580 (1961).

*Se revocará la sentencia que dictó el Tribunal Superior, Sala de San Juan y se devolverá el caso para ulteriores procedimientos.*

Los Jueces Asociados Señores Santana Becerra y Ramírez Bages no intervinieron.