En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| César Almodóvar Marchany Secretario del Trabajo, en representación y para beneficio de Alberto Robles Adorno _Querellante-Recurrido_<br><br>V.<br><br>Econo Tire Distributors _Querellado-Peticionario_ | Certiorari<br><br><br><br><br><br>98TSPR134 |

Número del Caso: CC-97-0559

Abogado de Econo Tire Distributors:      Lcdo. José A. Rivera Boucher

Abogada del Departamento del Trabajo:    Lcda. Lourdes M. Morales Solís

Tribunal de Instancia, Sub-Sección de Distrito, Sala de Toa Alta

Juez del Tribunal de Primera Instancia: Hon. Rafael Angel Flores Díaz

Tribunal de Circuito de Apelaciones: Circuito Regional II, Panel II

Juez Ponente: Hon. Broco Oliveras

Fecha: 10/14/1998

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

César Almodóvar Marchany,
Secretario del Trabajo,
en representación
y para beneficio de
Alberto Robles Adorno

      Querellante-Recurrido

                                  CC-97-559      Certiorari

        v.

Econo Tire Distributors
      Querellado-Peticionario


Opinión del Tribunal emitida por el Juez Presidente señor ANDRÉU GARCÍA


San Juan, Puerto Rico, a 14 de octubre de 1998

I

      El Secretario del Trabajo y Recursos Humanos presentó una querella en representación de Alberto Robles Adorno para reclamar el pago de bono, vacaciones y horas extras. La parte querellante se acogió expresamente al procedimiento especial sumario que establece la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. §§ 3118-3133 (1990). La notificación de la querella y la copia de ésta le fueron entregadas en el negocio del peticionario al empleado Manuel Santos Ríos.

      Luego de transcurrido el término de diez días que establece la Ley Núm. 2 sin que el peticionario contestara la querella, el recurrido solicitó que se dictara sentencia. Así lo hizo el tribunal de instancia.

Más de tres meses después de notificada la sentencia, el peticionario presentó ante el tribunal de instancia una moción al amparo de la Regla 49.2 de Procedimiento Civil. En esta moción el peticionario argumentó que la sentencia dictada por el tribunal de instancia era nula. Planteó que el tribunal nunca adquirió jurisdicción sobre su persona debido a que el diligenciamiento del emplazamiento fue defectuoso. Alegó que es el único dueño de Econo Tire Distributors; que reside en Estados Unidos; que Econo Tire Distributors carece de personalidad jurídica y es sólo el nombre con el cual hace negocios; que nunca fue emplazado; y que el emplazamiento le fue entregado a Manuel Santos Ríos, quien es analfabeta y no estaba autorizado para recibir emplazamientos. Argumentó que, en estas circunstancias, se le tenía que emplazar personalmente de acuerdo con lo dispuesto en las Reglas 4.3 y 4.4 de Procedimiento Civil. La parte recurrida se opuso y el tribunal, sin exponer las razones para ello, declaró sin lugar la moción.

Inconforme, el peticionario recurrió oportunamente ante el Tribunal de Circuito de Apelaciones, el cual confirmó la determinación del tribunal de instancia. Ese foro resolvió, en esencia, que el procedimiento de notificación de una querella establecido en la Ley Núm. 2 es distinto del emplazamiento de las Reglas de Procedimiento Civil y, al permitir que se notifique a la parte querellada a través de cualquier persona que lo represente en el lugar de trabajo[1], "es obvio que el legislador quiso establecer un procedimiento rápido y sencillo[,] de manera que el obrero no tuviese que afrontar las

---

[1] La sección 3 de la Ley Núm. 2 establece lo siguiente:

El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos.

32 L.P.R.A. § 3120 (1990).

complicaciones y dificultades que pueden producirse en el procedimiento ordinario". Resolución, en la pág. 5.

A solicitud del peticionario le ordenamos a la parte recurrida mostrar causa por la cual no debíamos revocar la decisión del Tribunal de Circuito y devolver el caso al tribunal de instancia para la celebración de una vista evidenciaria a los fines de considerar nuevamente la moción de relevo de sentencia. Así lo ha hecho. Resolvemos.

## II

La sección 7 de la Ley Núm. 2 regula la moción de relevo de sentencia en los casos tramitados conforme al procedimiento especial bajo esa ley. Esa disposición establece que en los casos en que se dicta sentencia en rebeldía porque la parte querellada no presenta oportunamente su contestación o porque no comparece a la vista del caso, o en aquéllos en que se dicta sentencia desestimando la querella cuando es la parte querellante quien no comparece a la vista, el tribunal conserva la discreción que le concede la Regla 49.2 de Procedimiento Civil para dejar sin efecto la sentencia. Véase, 32 L.P.R.A. § 3124 (1990). No obstante, la regulación de la moción de relevo de sentencia bajo la sección 7 de la Ley Núm. 2 difiere en varios aspectos de la establecida en la Regla 49.2 de Procedimiento Civil.

Primero, bajo la sección 7, la moción de relevo se tiene que presentar dentro del término de sesenta días de notificada la sentencia a las partes, véase, 32 L.P.R.A. § 3124 (1990), mientras que bajo la Regla 49.2 el término es uno de razonabilidad, aunque en ningún caso puede exceder de seis meses[2]. Véase, 32 L.P.R.A. ap. III, R.49.2 (1983); véase además, Sánchez Ramos v. Troche Toro, 111 D.P.R. 155, 157

---

[2] Esta diferencia responde al carácter sumario del procedimiento bajo la Ley Núm. 2. Véase, Informe de la Comisión de Trabajo sobre el P. del S. 194, 14 Diario de Sesiones de la Asamblea Legislativa (Cámara) 49 (1961).

(1981). En Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864, 867 (1965), resolvimos que el término de sesenta días que establece la sección 7 – igual que el de seis meses que establece la Regla 49.2 de Procedimiento Civil – es uno fatal. Véase además, Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458, 463 (1986).

Segundo, bajo la sección 7, los motivos en los que se funda la moción se tienen que exponer bajo juramento. Véase, 32 L.P.R.A. § 3124 (1990). La Regla 49.2 de Procedimiento Civil no exige este requisito.

Si la moción de relevo no se radica dentro del término y en la forma descritos anteriormente, la sección 7 le ordena al tribunal declararla sin lugar de plano. Véase, 32 L.P.R.A. § 3124 (1990).

Tercero, bajo la sección 7, la moción de relevo está disponible únicamente en casos de (1) error, (2) inadvertencia, (3) sorpresa, (4) negligencia excusable y (5) fraude[3]. Véase, 32 L.P.R.A. § 3124 (1990). La Regla 49.2 de Procedimiento Civil incluye los siguientes motivos adicionales: (1) descubrimiento de evidencia esencial, (2) falsa representación u otra conducta impropia de una parte adversa, (3) nulidad de la sentencia, (4) que la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, y (5) cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia. Véase, 32 L.P.R.A. ap. III, R.49.2(2), (3), (4), (5), (6) (1983). Además, por sus propios términos, la Regla 49.2 "no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por fraude al tribunal". Véase id. La sección 7 nada dice al respecto.

---

[3] Esta diferencia ya la habíamos señalado en Srio. del Trabajo v. Tribunal Superior, supra, en la pág. 867 n.1.

III

En este caso, el peticionario presentó la moción de relevo después de expirado el término de sesenta días que dispone la sección 7.  El tribunal de instancia, por lo tanto, carecía de jurisdicción para considerarla.  Véanse, Srio. del Trabajo v. Tribunal Superior, supra, en la pág. 867; Resto Maldonado v. Galarza Rosario, supra, en la pág. 463.

Se dictará sentencia confirmando aquella de la cual se recurre.


José A. Andréu García
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


César Almodóvar Marchany,
Secretario del Trabajo,
en representación
y para beneficio de
Alberto Robles Adorno

    Querellante-Recurrido         CC-97-559     Certiorari

        v.

Econo Tire Distributors

    Querellado-Peticionario


SENTENCIA


San Juan, Puerto Rico, a 14 de octubre de 1998


      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se confirma la Resolución del Tribunal de Circuito de Apelaciones.

      Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no interviene.


              Isabel Llompart Zeno
           Secretaria del Tribunal Supremo