Colón Birriel, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El peticionario José Nieves Acevedo ("Nieves") nos solicita la revocación de dos (2) "Ordenes" emitidas por el Tribunal de Primera Instancia, Sala Superior de Fajardo, el 20 de octubre de 1998, archivada en los autos copia de sus notificaciones el 30 de ese mes y año. Mediante la primera de las órdenes, se declaró "No Ha Lugar" su moción presentada el 17 de septiembre de 1998, titulada "Oposición a 'Moción Solicitando Prórroga Para Contestar' de la Parte Demandada; Solicitud de que se anote Rebeldía y se Dicte Sentencia". A virtud de la segunda de las órdenes recurridas se aceptó la contestación a la demanda presentada por la recurrida, Comar de Puerto Rico, Inc. ("Comar").
*1124 Atendida la petición de certiorari, mediante nuestra "Resolución" del 24 de diciembre de 1998, le concedimos término a Comar para mostrar causa por la cual no debíamos revocar las órdenes objeto del recurso. Comar ha comparecido. Resolvemos con el beneficio de las comparecencias, no sin antes exponer el trasfondo fáctico y procesal que dieron origen al recurso.
II
El recurso tiene su génesis el 20 de agosto de 1998, cuando Nieves presentó una demanda sobre despido injustificado y daños y peijuicios contra su patrono Comar. Incluyó dos (2) causas de acción, una por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. Sec. 185 et seq. ("Ley Núm. 8"), y otra por salarios dejados de percibir bajo la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A., 29 L.P.R.A. Sec. 271 ("Ley Núm. 379"). Utilizó para la reclamación de sus acciones el procedimiento sumario dispuesto por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. Sec. 3118 et seq. ("Ley Núm. 2"). Alegó, en síntesis, que fue despedido injustamente por Comar, en violación a la Ley Núm. 80 y que se le adeudaba el pago de horas extras según lo dispone la Ley Núm. 379.
El 2 de septiembre de 1998, Comar fue emplazada entregándosele copia de la demanda y del emplazamiento. El último día hábil para contestar la demanda, es decir, el lunes 14 de septiembre de 1998, Comar presentó una"Moción Solicitando Prórroga Para Contestar". Entre otras cosas, alegó que "[d]el estudio preliminar de la demanda surge que los hechos y alegaciones no ocurrieron según se plantea", pero que no obstante ello, por cuanto en la demanda se alegaban hechos que ocurrieron hacía varios años, era preciso realizar una investigación sobre lo alegado. Necesitaba revisar documentos de personal, tarjetas de asistencia, memorandos disciplinarios, así como entrevistar empleados y supervisores, antes de poder presentar una alegación responsiva cabal. Solicitó un término de veinte (20) días para llevar a cabo su investigación y hacer su alegación responsiva. La referida solicitud de prórroga, según alega Comar, a causa de un "error inadvertido”, no fue juramentada conforme lo requiere la Sección 3 de la referida Ley Núm. 2, supra.
Por su parte, Nieves se opuso a la solicitud de prórroga y solicitó se le anotara la rebeldía a Comar y se procediera a dictar sentencia a su favor. Basó su petitorio en el hecho de que Comar presentó su solicitud de prórroga cuando ya había expirado el término de diez (10) días que le concede la Ley Núm. 2, supra, y que en la moción solicitando prórroga no se exponían bajo juramento los motivos por los cuales se solicitó prórroga, según lo exige el procedimiento sumario. Alegó, que el foro de instancia carecía de jurisdicción para conceder la prórroga solicitada conforme a la ley y a la jurisprudencia.
La representación de Comar alegó que la oposición a su prórroga no fue recibida en sus oficinas hasta el 24 de septiembre de 1998, primer día hábil en que se pudo coordinar para el recogido de la correspondencia en el correo luego del paso del Huracán Georges por nuestra Isla. Ese día 24 de septiembre es que se percatan de que la moción de prórroga no había sido juramentada.
El 5 de octubre de 1998, la representación legal de Comar, Ledo. Georges T. Usera, juramentó un escrito que tituló "Oposición a Solicitud de Rebeldía y para que se Acepte Contestación". Alegó, además, que presentó su contestación a la demanda dentro del término de veinte (20) días que solicitó de prórroga y que su solicitud de prórroga fue presentada dentro del término de diez (10) días dispuesto por la Ley Núm. 2.
Comar se opuso a la pretensión de Nieves de que se declarara no ha lugar su solicitud de prórroga para presentar su contestación y que se dictara sentencia en rebeldía. Solicitó se aceptara su contestación a la demanda, ofreciendo una serie de razones para ello.
Tras varios incidentes, el foro de instancia mediante las órdenes recurridas concedió la prórroga solicitada por Comar, admitió la contestación a la demanda y denegó la petición de Nieves para que se dictara sentencia en rebeldía. Inconforme, Nieves presentó su recurso imputándole al foro de instancia haber incurrido en los siguientes dos (2) errores:

"A. Erró el Honorable Tribunal de Instancia al declarar "No Ha Lugar" la "Oposición a Moción Solicitando Prórroga Para Contestar"... "Solicitud de que se Anote Rebeldía y se Dicte Sentencia", 
*1125
bajo el fundamento de que la contestación a la demanda se presentó el 17 de septiembre.

B. Erró el Honorable Tribunal al aceptar moción solicitando Prórroga y la "Contestación a la Demanda", toda vez que carecía de jurisdicción para hacerlo."

Por estar los errores íntimamente relacionados, los discutiremos conjuntamente. Veamos.
ni
El punto de partida para un obrero o empleado reclamar de su patrono cualquier derecho o beneficio, es la presentación de una querella conforme a las disposiciones de la Sección de la Ley 2, supra, 32 L.P.R.A. 3118. Luego de presentada la querella, el Secretario del Tribunal notificará a la parte querellada con copia de la querella conforme lo dispone la Sección 3 de la citada ley, 32 L.P.R.A. 3120, la que, en su parte pertinente, dispone como sigue:
"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiese comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga." 32 L.P.R.A. 3120 (Enfasis suplido).
En la eventualidad de que la parte querellada no radique su constestación, en la forma y manera que se exige en la referida sección 3 de la Ley 2, se dispone, en lo pertinente, en la Sección 4, 32 L.P.R.A. 3121, que "el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado".
Frente a lenguaje tan diáfano, nuestro Tribunal Supremo repetidamente ha enfatizado que "la esencia y médula del trámite fijado para casos sobra reclamaciones de salarios, consagrado en la Ley Núm. 2 del 17 de octubre de 1961...., constituye el procesamiento sumario y su rápida disposición. "Díaz v. Hotel Miramar Corp, 103 D. P.R. 314 (1975); Resto Maldonado v. Galarza, 117 D.P.R. 458 (1986); Srio. del Trabajo v. J. C. Penney Co., 119 D.P.R. 660 (1987); Mercado Cintrón v. Zeta Communications, Inc., Op. 7 abril de 1994, _ D.P.R. _ (1994), 94 J.T.S. 50, a la pág. 11777; Santiago Pérez v. Palmas del Mar Properties, Inc., Op. del 24 octubre de 1997, _ D.P.R. _ (1997), 97 J.T.S. 125.
Desprovisto de esta característica, resultaría ser un procedimiento ordinario más, en el cual la adjudicación final que oportunamente pudiera recaer, resultaría incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial. Resto Maldonado v. Galarza, supra; Díaz v. Hotel Miramar Corp., supra.
Por otro lado, nuestro más alto foro se ha visto en la necesidad de insistir "en que todos los tribunales tenemos la obligación de darle vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales", Mercado Cintrón v. Zeta Communications, supra, a la pág. 11777, dejando siempre apertura para aquellos casos de excepción donde están presentes circunstancias especiales que requieran alguna flexibilidad en la aplicación de la Ley Núm. 2. Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 505 (1982). Ahora bien, en ausencia de circunstancias especiales que justifiquen alguna flexibilidad en la aplicación de la Ley Núm. 2, resulta impermisible "soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en la Ley Núm. 2". Mercado Cintrón v. Zeta Communications, supra. Como bien expresara nuestro Tribunal Supremo, "de ordinario no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2 ". Id.
Si bien es cierto, que en casos como Secretario del Trabajo v. Tribunal Superior, 91 D.P.R. 864 *1126 (1965) y Murphy Lugo v. Atlantic Southern Ins. Co., 91 D.P.R. 335 (1964) se han reconocido circunstancias especiales que ameritan cierta flexibilidad en la aplicación de la ley, tales consideraciones en nada varían la norma general. Al respecto, en Díaz v. Hotel Miramar Corp., supra, a las págs. 319-320 se aclaró: "En su trayectoria y perspectiva precedencial, tanto el caso de Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965) y Murphy Lugo v. Atl. So. Insurance Co., 91 D.P.R. 335 (1964), no pueden entenderse como es que han dejado inoperantes los requisitos de juramentación de prórroga y exposición de causa justificada exigidos en la ley que nos ocupa. Estos requisitos constituyen parte del procedimiento especial cuya finalidad es la pronta solución de las reclamaciones de salarios".
Al examinar la situación particular del caso ante nuestra consideración, surge que la querella (demanda) se presentó el 20 de agosto de 1998. En esa misma fecha el Secretario del Tribunal expidió el emplazamiento (citación), siendo Comar emplazada el 2 de septiembre de 1998, a la 1:24 p.m. Comar fue informada de la naturaleza de la acción instada y apercibida del término que tenía para constestar la querella, así como de las consecuencias de su incumplimiento, todo conforme al claro mandato de la Ley Núm. 2.
Así las cosas, el 14 de septiembre de 1998, último día hábil para contestar la querella conforme a la Sección 3 de la Ley Núm. 2, supra, Comar presentó una solicitud de prórroga sin juramentar, solicitando veinte (20) días, a partir de la notificación, para contestar la querella. Adujo, como razón, que los hechos expuestos en la querella no habían ocurrido según se indicaban, que éstos habían ocurrido hacia varios años, y que para contestar era necesario llevar a cabo una investigación de lo alegado que podía incluir el estudio de documentos de personal, tarjetas de asistencia, memorandos disciplinarios, además de entrevistas con empleados y supervisores. Nieves se opuso a la solicitud de Comar.
A pesar de los propósitos y del carácter sumario del procedimiento establecido por la Ley Núm. 2, el legislador no quizó imponer un trámite procesal inflexible e injusto para el patrono querellado. A fin de evitar posibles inequidades y permitir el que se pudieran tomar en consideración circunstancias meritorias, el legislador dispuso que el patrono querellado podía solicitar una prórroga para contestar la querella en casos excepcionales. Esa sola prórroga tiene que solicitarse, como regla general, antes de que venza el término para contestarla y dicha solicitud tiene que ser presentada mediante moción en la cual se expongan, bajo juramento, los motivos que la apoyan. 32 L.P.R.A. sec. 120. Sobre este particular en Díaz v. Hotel Miramar, Corp., supra, a la pág. 320, el Tribunal Supremo expresó "que salvo circunstancias especialísimas fuera del control de los abogados y las partes —que vislumbramos como excepcionales y poco frecuentes— una solicitud de prórroga tiene que ser presentada en la secretaría del tribunal correspondiente dentro del término inicial que tiene la parte para formular su contestación a la querella". Rivera v. Insular Wire Products. Corp., op. del 24 mayo de 1996, _ D.P.R. _ (1996), 96 J.T.S. 76, a las págs. 1171-1172.
El presente caso, (a) Sería uno excepcional o de circunstancias meritorias para conceder la prórroga solicitada, (b) Se expusieron bajo juramento las razones o circunstancias meritorias para poder conceder la prórroga? A nuestro juicio, ambas interrogantes se contestan en la negativa.
La querella presentada por Nieves se fundamentó en datos que Comar está obligada por ley a recopilar y a conservar. No se hacen reclamaciones complicadas, ni se demuestra que existieran circunstancias especiales que ameritaran que Comar realizara una más detenida y minuciosa investigación para contestar y presentar defensas adecuadas.
De la contestación a la querella que presentara Comar, se desprende que la información allí suministrada fue extraída de datos, documentos o información que Comar venía obligada a recopilar por mandato de ley. 
No podemos avalar la contensión de Comar de que su solicitud de prórroga constituyó una alegación responsiva a la querella, es decir, su contestación a la querella. Tampoco podemos avalar que mediante la referida solicitud se trabó una controversia, cuando de dicho escrito se desprende que se tenía que realizar una investigación sobre los hechos alegados para poder contestar la querella. El caso de Secretario del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965) citado por Comar en apoyo a su *1127 contención es claramente distinguible de los hechos del caso ante nuestra consideración.
Conforme a la Sección 3 de la Ley Núm. 2, supra, la solicitud de prórroga: a) tiene que ser presentada dentro de los diez (10) días de haberse notificado la querella; y b) tiene que exponer bajo juramento los motivos para la solicitud, de forma tal que el juez pueda determinar si existe causa justificada para conceder la prórroga. Rivera v. Insular Wire Products, Corp., supra.
Comar acepta que la solicitud de prórroga no fue juramentada. Su representante legal reconoce el error y solicita que el Tribunal acepte como alternativa la imposición de sanciones económicas para beneficio de las partes o del Estado. Además, pretende que su,"Oposición a Solicitud de Anotación de Rebeldía y Para que se Acepte Contestación", hecha bajo su propio juramento, se tome en sustitución de la moción de prórroga que debió ser juramentada. Por último, alega que su firma en la solicitud de prórroga tiene el efecto legal de un juramento, por razón de que equivale a certificar el haber leído el escrito. Regla 9 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 9. No podemos acceder a su solicitud como tampoco avalar su contención, por ser contrarias a derecho.
En mérito a lo expuesto, determinamos que el Tribunal de Primera Instancia incurrió en los errores señalados. En su consecuencia, expedimos el auto solicitado y revocamos las "Ordenes" recurridas. Remitimos el expediente a dicho foro para procedimientos acorde con lo resuelto, es decir, que se proceda a anotar la rebeldía a Comar y se celebre vista en rebeldía a la brevedad posible.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General