# 99 DTA 160

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ**
**PANEL I**

MERCEDES CRESPO CARDONA
Peticionaria y Recurrente

v.

JUAN JOSE ARENAS
Peticionario y Recurrido

Núm. KLCE-99-00131

San Juan, Puerto Rico, a 12 de mayo de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Àcevedo

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Mediante el presente recurso de *certiorari* la peticionaria, Mercedes Crespo Cardona (en adelante Sra. Crespo), recurre ante nos de una resolución emitida el 22 de mayo de 1998, por la Sala de Relaciones de Familia del Tribunal de Primera Instancia, Sala Superior de Mayaguez (en adelante el Tribunal), en la cual se declaró con lugar la moción sobre revocación de pensión, radicada por el señor Juan José Arenas, (en adelante el Dr. Arenas).

### II

Es menester relatar los antecedentes que motivaron el presente recurso.

Las partes se divorciaron en febrero de 1983. El Tribunal fijó pensión alimentaria de ex-cónyuge a favor de la Sra. Crespo por la cantidad de $1,000.00 mensuales. Para el 1986 la pensión fue rebajada a $800.00 mensuales.

En el 1994 el Dr. Arenas solicitó al Tribunal la revocación de la pensión ex-cónyuge, alegando que su condición económica había cambiado y padecía de diversas condiciones de salud, las cuales le obligaron a dejar de trabajar en clínicas y reducir su horario de trabajo como médico especialista en niños.

Con fecha de 22 de mayo de 1998, el Tribunal emitió Resolución, revocando y dejando sin efecto la pensión a favor de la Sra. Crespo. El Tribunal determinó que el Dr. Arenas padecía de todas las condiciones de salud alegadas por él, concluyendo que como resultado de su condición de salud los ingresos del Dr. Arenas se habían reducido considerablemente.

En diciembre de 1998, la Sra. Crespo radicó moción al amparo de la Regla 49.2 de las de Procedimiento Civil vigente y/o Solicitud de Alimentos. Alegó que el Dr. Arenas aparecía como médico afiliado a los IPA 204 y 210, o sea, los médicos que darían servicio en la Reforma de Salud, y que de haber sido ciertas las alegaciones del Dr. Arenas en cuanto a su condición de salud, jamás podría rendir los servicios profesionales que impone a los médicos afiliados la Reforma de Salud; a su vez se le solicitó al Tribunal la reinstalación de la pensión para beneficio de la Sra. Crespo.

El Dr. Arenas radicó moción de oposición. A su vez el Tribunal con fecha de 28 de diciembre de 1998, dictó la Resolución de la cual se recurre declarando No Ha Lugar la solicitud al amparo de la Regla 49.2 de Procedimiento Civil y la nueva solicitud de alimentos.

### III

En su recurso, alega la Sra. Crespo que el Tribunal de Primera Instancia incurrió en dos (2) errores, a saber:

*"PRIMER PLANTEAMIENTO- Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la solicitud al amparo [sic] de la Regla 49.2 de las de Procedimiento Civil sin celebrar vista y a pesar de que el propio recurrido ADMITIO los hechos esenciales en que se fundamenta la alegación de falsas representaciones al Tribunal.*

*SEGUNDO PLANTEAMIENTO- Erró el Tribunal al declarar [sic] No Ha Lugar la nueva solicitud de*

*alimentos, sin vista, cuando de la admisión del propio recurrido surge la existencia de cambio en sus circunstancias económicas."*

## IV

Discutimos los señalamientos de error en conjunto, puesto que versan sobre asuntos de similar naturaleza.

El Artículo 109 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 385, Efectos del Divorcio, sobre alimentos nos dice y citamos:

*"Si decretado el divorcio por cualesquiera de las causales que establece la sección 321 de este título, cualesquiera de los ex-cónyuges no cuenta con suficientes medios para vivir, el Tribunal Superior podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge.*

*El Tribunal concederá los alimentos a que se refiere el párrafo anterior, teniendo en cuenta, entre otras cosas, las siguientes circunstancias:*

*(a) Los acuerdos a que hubiesen llegado los ex-cónyuges.*

*(b) La edad y el estado de salud.*

*(c) La cualificación profesional y las probabilidades de acceso a un empleo.*

*(d) La dedicación pasada y futura a la familia.*

*(e) La colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge.*

*(f) La duración del matrimonio y de la convivencia conyugal.*

*(g) El caudal y medios económicos y las necesidades de uno y otro cónyuge.*

*(h) Cualquier otro factor que considere apropiado dentro de las circunstancias del caso.*

*Fijada la pensión alimenticia, el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la fortuna de uno u otro ex-cónyuge. La pensión será revocada mediante resolución judicial si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato.*

*Artículo 2. - Esta Ley empezará a regir inmediatamente después de su aprobación."* Código Civil, 1930, Art. 109; 31 L.P.R.A. 385, Febrero 16, 1995, Núm. 25, p. 94.

La obligación que consagra el Artículo 109 del Código Civil ha sido objeto de estudio por prestigiosos tratadistas y estudiosos del Derecho de Familia. En tal proceso, atado al devenir histórico, algunos opinan que la obligación del Artículo 109 del Código Civil brota del deber moral de proveer alimentos al cónyuge inocente que, por causas del divorcio, no cuenta con medios suficientes para vivir. ■ Otros la enmarcan como obligación jurídica dimanante de los artículos 89 ■ y 143. En *Suria v. Fernández,* 101 D.P.R. 316 (1973), se expone que ello *"no es otra cosa que la proyección más allá de los días felices, de la obligación del hombre de ayudar y socorrer a su mujer".* Es decir, que aunque ya no existe el deber entre cónyuges, por razón a que lo hubo, a partir

del divorcio nace una obligación derivativa para continuar proveyendo.

Se considera también, en época más reciente, que el Artículo 109 del Código Civil debe tener un enfoque rehabilitador. ▪ Se sugieren períodos de tiempo de ayuda para evitar el disloque económico que el cambio en el estado civil engendra en muchas ocasiones. Otros consideran que el Artículo 109 del Código Civil ya no tiene razón de ser y recomiendan su total eliminación ▪ o que tal derecho quede siempre condicionado a la imposibilidad de que los parientes no puedan proveer los alimentos.

Al acercarnos al milenio, la posición y situación de la mujer es muy diferente a la de su homóloga de principio de siglo. [5] Por regla general, la mujer ha superado aquella gran desigualdad de acceso a las fuentes de trabajo y sostén que requirió la legislación que hasta hoy está vigente. Los excónyuges, independiente de género, se encuentran prácticamente en igualdad de condiciones para lograr su sustento, a la ruptura del vínculo matrimonial.

De una lectura a la Resolución emitida por el Tribunal en el presente caso de marras se desprende que la Sra. Crespo no cumplió con las órdenes dictadas por el Tribunal sometiendo prueba documental, al igual que no sometió prueba alguna sobre su caudal, sus medios económicos y sus necesidades. Así mismo, el Tribunal concluyó que la Sra. Crespo fue temeraria durante el desarrollo del caso.

## V

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, establece que el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o resolución por las siguientes razones:

*"(1) Error, inadvertencia, sorpresa, o negligencia excusable;*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento."*

*La Regla 49.2 trata de armonizar el interés de que los casos sean decididos en sus méritos y que se haga justicia frente al interés de que los pleitos tengan fin, concediendo a la parte contra la cual se dicta sentencia, la oportunidad para pedir se le releve de sus efectos, dentro de un término de seis (6) meses después de notificada, en aquellos casos que allí se establecen." Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932, 937 (1971); *Srio. Del Trabajo v. Tribunal Superior,* 91 D.P.R. 864, 867 (1965).

Es importante indicar que si la sentencia sobre la cual se solicita el relevo es una de divorcio, sólo pueden señalarse como fundamentos el fraude o la nulidad de aquélla. *Sucn. Pacheco v. Eastern,* ___ D.P.R. ___ (1994), **94 J.T.S. 49,** pág. 11773.

La Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, al respecto, dispone:

*"...Esta regla no limita el poder del tribunal para (a). ..; (b). ..: y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal."*

No obstante, aun cuando se admite el ejercicio de una acción independiente de nulidad, tanto en casos de sentencias nulas como contra sentencias obtenidas mediante fraude, éste no sólo tiene que ser afirmativamente alegado, sino que, además, deben exponerse detalladamente las circunstancias que constituyen el mismo. *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 689-690 (1979).

Por los fundamentos expresados, se confirma la resolución emitida por el Tribunal de Primera Instancia de fecha 22 de mayo de 1998.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 160

**1.** *"Los divorciados no son cónyuges. Al disolverse el matrimonio dejaron de ser cónyuges. Esto es bien claro. Ya no hay cónyuges y ya no puede ser de aplicación el Artículo 143. La pensión que el Tribunal pueda asignar a la mujer divorciada (Art. 109 C.C.) no tiene el carácter de alimentos... Tampoco corresponde al deber del que era marido el satisfacer las necesidades de la mujer (Art. 89 C.C.) porque dejó de ser la mujer del marido... La necesidad o falta de medios... será debido a la disolución del matrimonio, que es el fundamento que determina la pensión a la mujer divorciada."* C.E. Macareñas, *Los Alimentos entre Parientes*, Rev. Der. Puertorriqueño, Núm. 24, 1967, pág. 372.

**2.** *"El marido debe proteger a la mujer y satisfacer sus necesidades en proporción a su condición y medios de fortuna".* Código Civil, 1930, 31 L.P.R.A. 282, previo enmienda del 1976.

**3.** Teresita Picó de Silva, *Los Alimentos al Ex Cónyuge: Algunas Consideraciones en Torno a una Reforma, supra,* pág. 77.

**4.** Sylvia Vilanova Hernández, *La pensión alimenticia post divorcio: ¿obligación o penalidad?,* XVIII-2 Rev. Jur. U. Int. P. R., pág. 373 (1984).

**5.** Véase Olga E. Resumil, *La condición jurídica de la mujer puertorriqueña en el Siglo XX: ¿continuamos interpretando la parte de la leona?,* 54 Rev. C. Abog. P.R. 5 (1993).