Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JAVIER FLORES REYES Recurridos<br><br>v.<br><br>PRESTRESS MANUFACTURING CORP. Peticionaria | KLCE202500101 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2024CV00842<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán**, **Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece Prestress Manufacturing Corp., en adelante, Prestress o la peticionaria, y solicita que revoquemos la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI. Mediante dicho dictamen, se declaró No Ha Lugar la *Solicitud de Desestimación por Prescripción […]* de la *Querella* por despido injustificado que presentó el señor Javier Flores Reyes, en adelante, el señor Flores o el recurrido, al amparo de la *Ley Sobre Despidos Injustificados*, en adelante Ley Núm. 80-1976.[1]

Por los fundamentos que expondremos a continuación, denegamos expedir el auto solicitado.

-I-

El 9 de marzo de 2018 el señor Flores presentó, por primera vez, una *Querella* por despido injustificado y represalias contra Prestress.

---

[1] Ley Núm. 80 de 30 de mayo de 1976, según enmendada (29 LPRA sec. 185a *et seq.*).

Después de numerosos trámites procesales, el **7 de noviembre de 2022, notificada el día 9 del mismo mes y año**, el TPI emitió una *Sentencia[2]* en la que desestimó la *Querella* al amparo de la Regla 39.2(b) de Procedimiento Civil.

Oportunamente, es decir, el **28 de noviembre de 2022,** el recurrido presentó una *Moción de Reconsideración y/o de Relevo de Sentencia*.[3]

Así las cosas, el **23 de agosto de 2023** el tribunal primario notificó no ha lugar la petición del señor Reyes.[4]

Por su parte, el **15 de febrero de 2024**, el señor Reyes presentó nuevamente su *Querella* por despido injustificado y represalias contra Prestress.[5]

Luego de varios trámites innecesarios de relatar para adjudicar la controversia ante nuestra consideración, la peticionaria presentó una *Solicitud de Desestimación por Prescripción con Relación a la Ley Núm. 80-1976 sobre Despidos Injustificados*.[6] En resumen, adujo que la segunda *Querella* que presentó el señor Reyes fue sometida fuera del término prescriptivo de un año que establece la Ley Núm. 80-1976. Por consiguiente, indicó que la acción estaba prescrita y debía ser desestimada.

El recurrido se opuso a la solicitud de desestimación.[7] Arguyó que interrumpió el término prescriptivo mediante la *Moción de Reconsideración y/o Relevo de Sentencia* de 28 de noviembre de 2022, que se

---

[2] Apéndice de la peticionaria, págs. 85 y 100-101.
[3] *Id.*, págs. 96-99.
[4] *Id.*, págs. 90-91.
[5] *Id.*, págs. 1-5.
[6] *Id.*, págs. 72-77.
[7] *Id.*, págs. 88-89.

declaró no ha lugar el 23 de agosto de 2023. Adujo, además, que es a partir de esta última determinación que el término de un año debió ser calculado. Por consiguiente, a su entender, la *Querella* presentada el 15 de febrero de 2025 no estaba prescrita.

En dicho contexto procesal, el TPI declaró no ha lugar la solicitud de desestimación.[8]

Inconforme, Presstres acudió ante este foro intermedio mediante el recurso de epígrafe y señaló los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, AL ABUSAR DE SU DISCRECIÓN Y DECLARAR NO HA LUGAR LA *SOLICITUD DE DESESTIMACIÓN POR PRESCRIPCIÓN CON RELACIÓN A LA LEY NÚM. 80-1976 SOBRE DESPIDOS INJUSTIFICADOS* DE LA QUERELLADA, PESE A QUE NO TIENE JURISDICCIÓN PARA ATENDER LA ACCIÓN DE DESPIDO INJUSTIFICADO DEL QUERELLANTE DEBIDO A QUE ESTÁ PRESCRITA.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, AL ABUSAR DE SU DISCRECIÓN Y CONSIDERAR QUE LA *MOCIÓN DE RECONSIDERACIÓN Y/O RELEVO DE SENTENCIA* DEL QUERELLANTE EN EL CASO CIVIL NÚM. D PE2018-0153 Y LA CORRESPONDIENTE DETERMINACIÓN DEL TRIBUNAL SOBRE ELLA, TUVO EL EFECTO DE INTERRUMPIR EL TÉRMINO PARA RECLAMAR POR DESPIDO INJUSTIFICADO, PESE A QUE LAS SOLICITUDES DE RECONSIDERACIÓN NO ESTÁN PERMITIDAS BAJO EL PROCEDIMIENTO SUMARIO LABORAL DE LA LEY NÚM. 2-1961 Y ASÍ DEBIÓ DECLARARSE.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN, EN LA ALTERNATIVA, AL ABUSAR DE SU DISCRECIÓN Y CONSIDERAR COMO UN RELEVO DE SENTENCIA, LA *MOCIÓN DE RECONSIDERACIÓN Y/O RELEVO DE SENTENCIA* DEL QUERELLANTE EN EL CASO CIVIL NÚM. D PE2018-0153, PESE A QUE ÉSTA INCUMPLIÓ CON LOS REQUISITOS DE LA LEY NÚM. 2-1961, POR NO EXPONER, *BAJO JURAMENTO*, LOS MOTIVOS EN QUE SE FUNDAMENTABA, Y ASÍ DEBIÓ DECLARARSE Y DENEGARSE DE PLANO, POR LO QUE LA MISMA NO TUVO EL EFECTO DE INTERRUMPIR EL TÉRMINO PARA RECLAMAR POR DESPIDO INJUSTIFICADO.

El señor Flores no presentó el alegato en oposición a la expedición del auto en el término establecido en el Reglamento del Tribunal de Apelaciones. En consecuencia, el recurso está perfeccionado y listo para adjudicación.

---

[8] *Id.*, págs. 111-112.

Luego de revisar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[9]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho

---

[9] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

cometido por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[11] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una

---

[10] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[12] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

**B.**

El Artículo 12 de la Ley Núm. 80-1976 establecía que la acción para reclamar indemnización por un despido sin justa causa prescribía por el transcurso de tres (3) años, a partir de la fecha efectiva del despido mismo.[14] No obstante, dicho artículo se enmendó tras la aprobación de la *Ley de Transformación y Flexibilidad Laboral*, en adelante Ley Núm. 4-2017.[15] En específico, el Art. 2.18 de la Ley Núm. 4-2017 dispuso que:

> Las acciones derivadas de un contrato de empleo o los beneficios que surgen en virtud de un contrato de empleo, **prescribirán al año**, contado a partir del momento en que se pueda ejercer la acción, a menos que se disponga expresamente de otra manera en una ley especial o en el contrato de empleo. No obstante, las causas de acción surgidas previo a la vigencia de esta Ley, tendrán el término prescriptivo bajo el ordenamiento jurídico anterior aplicable.[16]

**C.**

La Sección 6 de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, en adelante Ley Núm. 2-1961, regula la moción de relevo de sentencia en los casos tramitados conforme al procedimiento sumario laboral establecido en el estatuto. En particular, la disposición establece lo siguiente:

> Cuando se dicte sentencia en virtud de las secs. 3121 ó 3123 de este título, el tribunal conservará la discreción que le concede la Regla 49.2 de Procedimiento Civil para el Tribunal General de Justicia

---

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[14] Art. 12 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, (29 LPRA sec. 1851).
[15] Ley Núm. 4-2017 (29 LPRA sec. 121, *et seq.*).
[16] 29 LPRA sec. 122q.

en casos de error, inadvertencia, sorpresa, excusable negligencia [y/o] fraude, pero la moción invocando dicha discreción deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia a las partes y deberán exponerse en la misma, bajo juramento, los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el tribunal deberá declararla sin lugar de plano.[17]

Conforme a lo anterior, el tribunal conserva la discreción para relevar a una parte de los efectos de una sentencia, si el promovente cumple con los requisitos dispuestos en la norma.[18] Además, la moción de relevo está disponible únicamente en casos de (1) error, (2) inadvertencia, (3) sorpresa, (4) negligencia excusable y (5) fraude.[19]

Conviene mencionar que tanto el plazo de sesenta (60) días de la Sección 6 de la Ley Núm. 2-1961, como el establecido en la Regla 49.2 de Procedimiento Civil, es fatal o jurisdiccional, o sea, no admiten interrupción.[20]

-III-

Para la peticionaria la segunda *Querella* que presentó el señor Flores está prescrita, pues en su opinión, el reclamo se presentó fuera del término de un año que establece la Ley Núm. 80-1976. En vista de lo anterior, indica, que el TPI abusó de su discreción al asumir jurisdicción para atender la causa de despido extinguida y denegar la *Solicitud de Desestimación por Prescripción […]* que sometió.

---

[17] Sec. 6 de la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec. 3124).
[18] *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425, 436-437 (2022).
[19] *Srio. del Trabajo v. Tribunal Superior*, 91 DPR 864, 867 esc. 1 (1965).
[20] *Peña Lacern v. Martínez Hernández et al.*, supra, pág. 437; *Resto Maldonado v. Galarza Rosario*, 117 DPR 458, 463 (1986); *Srio. del Trabajo v. Tribunal Superior*, supra, pág. 867.

En la medida en que la controversia gira en torno a la denegatoria de una moción dispositiva, tenemos facultad para atenderla.

Sin embargo, luego de examinar atentamente el expediente del caso de epígrafe determinamos no ejercer nuestra facultad revisora. A nuestro entender, ni el remedio, ni la disposición de la resolución recurrida son contrarios a derecho.[21]

Finalmente, no se configura ninguna situación que justifique la expedición del auto solicitado al amparo de cualesquiera otros de los requisitos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos que anteceden, denegamos expedir el auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*