CÉSAR ALMODÓVAR MARCHANY, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS, en representación y para el beneficio de ALBERTO ROBLES ADORNO, querellante y recurrido, *v.* ECONO TIRE DISTRIBUTORS, querellado y peticionario.

*Número:* CC-97-559          *Resuelto:* 14 de octubre de 1998

*José A. Rivera Boucher*, abogado de la parte peticionaria; *Lourdes M. Morales Solís*, abogada de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

## I

El Secretario del Trabajo y Recursos Humanos presentó una querella en representación de Alberto Robles Adorno para reclamar el pago del bono, las vacaciones y las horas extras. La parte querellante se acogió expresamente al procedimiento especial sumario que establece la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118–3132). La notificación de la querella y la copia de ésta le fueron entregadas en el negocio del peticionario al empleado Manuel Santos Ríos.

Luego de haber transcurrido el término de diez (10) días que establece la Ley Núm. 2, *supra,* sin que el peticionario contestara la querella, el recurrido solicitó que se dictara una sentencia. Así lo hizo el tribunal de instancia.

Más de tres (3) meses después de haber sido notificada la sentencia, el peticionario presentó ante el tribunal de instancia una moción al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En esta moción el peticionario argumentó que la sentencia dictada por el tribunal de instancia era nula. Planteó que el tribunal nunca adquirió jurisdicción sobre su persona debido a que el diligenciamiento del emplazamiento fue defectuoso. Alegó que es el único dueño de Econo Tire Distributors; reside en Estados Unidos; Econo Tire Distributors carece de personalidad jurídica y es sólo el nombre con el cual hace negocios; nunca fue emplazado, y el emplazamiento le fue entregado a Manuel Santos Ríos, quien es analfabeta y no estaba autorizado para recibir emplazamientos. Argumentó que, en estas circunstancias, se le tenía que emplazar personalmente de acuerdo con lo dispuesto en las Reglas 4.3 y 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. La parte recurrida se opuso y el tribunal, sin exponer las razones para ello, declaró sin lugar la moción.

Inconforme, el peticionario recurrió oportunamente ante el Tribunal de Circuito de Apelaciones, el cual confirmó la determinación del tribunal de instancia. Ese foro resolvió, en esencia, que el procedimiento de notificación de una querella, según establecido en la Ley Núm. 2, *supra*, es distinto del emplazamiento de las Reglas de Procedimiento Civil y, al permitir que se notifique a la parte querellada a través de cualquier persona que lo represente en el lugar de trabajo,[1] "es obvio que el legislador quiso establecer un procedimiento rápido y sencillo[,] de manera que el obrero no tuviese que afrontar las complicaciones y dificultades que pueden producirse en el procedimiento ordinario". Resolución, pág. 5.

A solicitud del peticionario, le ordenamos a la parte recurrida mostrar causa por la cual no debíamos revocar la decisión del Tribunal de Circuito de Apelaciones y devolver el caso al tribunal de instancia para la celebración de una vista evidenciaria a los fines de considerar de nuevo la moción de relevo de sentencia. Así lo ha hecho. Resolvemos.

## II

La Sec. 7 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3120, regula la moción de relevo de sentencia en los casos tramitados conforme al procedimiento especial al amparo de esa ley. Esa disposición establece que en los casos en las cuales se dicte una sentencia en rebeldía porque la parte querellada no haya presentado oportunamente su contestación o porque no comparece a la vista del

---

[1] La Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961 establece, en lo pertinente, lo siguiente:

"El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos." 32 L.P.R.A. sec. 3120.

caso, o en aquellos en que se dicte sentencia para desestimar la querella cuando es la parte querellante quien no comparece a la vista, el tribunal conserva la discreción que le concede la Regla 49.2 de Procedimiento Civil, *supra*, para dejar sin efecto la sentencia. Véase 32 L.P.R.A. sec. 3124. No obstante, la regulación de la moción de relevo de sentencia según la Sec. 7 de la Ley Núm. 2, *supra*, difiere en varios aspectos de la establecida en la Regla 49.2 de Procedimiento Civil, *supra*.

Primero, según la referida Sec. 7, la moción de relevo se tiene que presentar dentro del término de sesenta (60) días de haber sido notificada la sentencia a las partes, mientras que al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, el término es de razonabilidad, aunque en ningún caso puede exceder de seis (6) meses.[2] Véase, además, *Sánchez Ramos v. Troche Toro*, 111 D.P.R. 155, 157 (1981). En *Srio. del Trabajo v. Tribunal Superior*, 91 D.P.R. 864, 867 (1965), resolvimos que el término de sesenta días que establece la citada Sec. 7 —igual que el de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil, *supra*— es fatal. Véase, además, *Resto Maldonado v. Galarza Rosario*, 117 D.P.R. 458, 463 (1986).

Segundo, según la Sec. 7, *supra*, los motivos en los cuales se funda la moción se tienen que exponer bajo juramento. La Regla 49.2 de Procedimiento Civil, *supra*, no exige este requisito.

Si la moción de relevo no se presenta dentro del término y en la forma descritos anteriormente, la Sec. 7, *supra*, le ordena al tribunal declararla sin lugar de plano.

Tercero, según la Sec. 7, *supra*, la moción de relevo está disponible únicamente en casos de (1) error, (2) inadverten-

---

[2] Esta diferencia responde al carácter sumario del procedimiento según la Ley Núm. 2, *supra*, 32 L.P.R.A. secs. 3118–3132. Véase Informe de la Comisión de Trabajo sobre el P. del S. 194 de 8 de agosto de 1961, Sesión Extraordinaria, 14 Diario de Sesiones de la Asamblea Legislativa (Cámara) 49–50 (1961).

cia, (3) sorpresa, (4) negligencia excusable y (5) fraude.[3] La Regla 49.2 de Procedimiento Civil, *supra*, incluye los motivos adicionales siguientes: (1) descubrimiento de evidencia esencial; (2) falsa representación u otra conducta impropia de una parte adversa; (3) nulidad de la sentencia; (4) que la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en la que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, y (5) cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia. Véase 32 L.P.R.A. Ap. III, R.49.2(2), (3), (4), (5) y (6). Además, por sus propios términos, la citada Regla 49.2(6) "no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por fraude al tribunal". La Sec. 7, *supra*, nada dice al respecto.

### III

En este caso, el peticionario presentó la moción de relevo después de haber expirado el término de sesenta (60) días que dispone la Sec. 7, *supra*. El tribunal de instancia, por lo tanto, carecía de jurisdicción para considerarla. Véanse: *Srio. del Trabajo v. Tribunal Superior*, supra, pág. 867; *Resto Maldonado v. Galarza Rosario*, supra, pág. 463.

*Se dictará sentencia para confirmar aquella de la cual se recurre.*

El Juez Asociado Señor Rebollo López no intervino.

---

[3] Esta diferencia ya la habíamos señalado en *Srio. del Trabajo v. Tribunal Superior*, 91 D.P.R. 864, 867 esc. 1 (1965).