EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gilberto Peña Lacern<br><br>Peticionario<br><br>v.<br><br>Israel Martínez Hernández y otros<br><br>Recurridos | Certiorari<br><br>2022 TSPR 105<br><br>210 DPR \_\_\_\_ |

Número del Caso: CC-2020-0387

Fecha: 15 de agosto de 2022

Tribunal de Apelaciones:

    Panel VII

Abogados de la parte peticionaria:

    Lcdo. Raúl E. Varandela Velázquez

Abogados de la parte recurrida:

    Lcdo. Moisés Ávila Sánchez
    Lcdo. Emanuel Rier Soto

Materia: Derecho Laboral – Término y causales para presentar una moción de relevo de una sentencia emitida en rebeldía en un procedimiento ventilado al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, para que esta pueda ser considerada y adjudicada por el tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gilberto Peña Lacern

      Peticionario

          v.                   CC-2020-0387    Certiorari

Israel Martínez Hernández y otros

      Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 15 de agosto de 2022.

Debemos resolver si una moción de relevo de una sentencia emitida en rebeldía, en un procedimiento ventilado al amparo de la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2),[1] cumplía con los requisitos para ser considerada y adjudicada por el Tribunal de Primera Instancia o si correspondía denegarla de plano. En particular, evaluamos si la petición fue oportuna, estuvo fundada en los motivos adecuados e incluía una defensa meritoria no relacionada con los aspectos intrínsecos de la sentencia. La respuesta es en la negativa. En este caso el Tribunal de Apelaciones erró al asumir

---

[1] Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA secs. 3118-3132 (2017) (en adelante, Ley Núm. 2).

jurisdicción para evaluar los méritos de la petición de relevo.

I

El 21 de marzo de 2018 el peticionario Gilberto Peña Lacern presentó una querella contra la parte recurrida —Israel Martínez Hernández, su esposa y la respectiva sociedad de bienes gananciales— mediante el trámite dispuesto en la Ley Núm. 2. La reclamación laboral fue por despido injustificado y represalias, así como por el pago de salarios adeudados por horas regulares, horas extraordinarias, el período de tomar alimentos, vacaciones acumuladas y el bono anual de los últimos tres años trabajados del peticionario. Según alegado en la querella, el recurrido Martínez Hernández hacía negocios bajo el nombre de "Policía Privada" y por siete años fue patrono del peticionario, quien se desempeñaba como guardia de seguridad.

Tras el diligenciamiento personal de los emplazamientos, la parte recurrida solicitó la desestimación de la reclamación laboral incoada en su contra porque el peticionario no fue su empleado. Alegó que, si bien el recurrido Israel Martínez Hernández era el presidente de EM Policía Privada, Inc., una entidad debidamente registrada en el Departamento de Estado, no respondía en su carácter personal por la reclamación de epígrafe. Oportunamente, el peticionario presentó su oposición a la desestimación y solicitó la anotación de

rebeldía a la parte recurrida por no haber contestado la querella dentro del plazo dispuesto en la legislación especial e incluido todas sus defensas en una sola alegación.

Atendidos tales planteamientos, el Tribunal de Primera Instancia denegó la solicitud de desestimación. Esto porque de la copia del cheque de pago de nómina expedido a favor del peticionario —el cual fue presentado con la moción para desestimar— surgía el nombre de "Policía Privada" y esta entidad no tenía personalidad jurídica e independiente de la parte recurrida. Así, la primera instancia judicial anotó la rebeldía al patrono querellado por no tener discreción para extender el plazo para contestar la querella ante su consideración.

Luego de celebrar una vista en rebeldía, el Tribunal de Primera Instancia emitió una sentencia en la que, si bien no concedió todas las causas de acción incoadas, ordenó a la parte recurrida a pagar al peticionario la suma de $42,739.92 por el despido injustificado y los salarios adeudados. La sentencia fue emitida el 2 de agosto de 2019 y notificada al quinto día de igual mes y año.

Inconforme, la parte recurrida acudió al Tribunal de Apelaciones para señalar, esencialmente, error en la determinación de la identidad del patrono querellado. Sin embargo, mediante una sentencia emitida en reconsideración el 17 de diciembre de 2019, el tribunal apelativo intermedio

confirmó la sentencia en rebeldía emitida por el Tribunal de Primera Instancia.

Al considerar los señalamientos de error, el tribunal apelativo expuso lo siguiente:

> Del expediente de autos surge que el foro primario concluyó que, para efectos de la presente controversia, la entidad Policía Privada era el patrono del recurrido. De entrada, resulta imprescindible destacar que el TPI emitió una Resolución el 7 de septiembre de 2018, previo la celebración de la vista en rebeldía y antes de dictada la Sentencia en rebeldía, en la que rechazó explícitamente el argumento de la parte peticionaria en cuanto a que no era el patrono del recurrido, y su planteamiento de que no se había incluido al verdadero patrono como parte en el pleito de autos, EM Policía Privada, Inc. Lo anterior, al foro recurrido denegar la Moción de Desestimación interpuesta por la parte peticionaria. Asimismo, para arribar a dicha conclusión, el TPI se basó en la prueba testifical vertida por el recurrido y las alegaciones contenidas en la Querella […].
>
> Además, la parte peticionaria intentó presentar prueba en la vista en rebeldía, específicamente con relación al caso BY2018CV03372, para sustentar su alegación de que la entidad querellada no era el patrono del recurrido. No obstante, aunque el foro primario tomó conocimiento judicial del mencionado caso en corte abierta, resolvió que este no afectaba el trámite del presente litigio. Estamos conformes con dicho proceder. De hecho, del dictamen impugnado se desprende que la representación legal de la parte peticionaria tuvo la oportunidad de contrainterrogar al recurrido.[2]

Siendo final y firme la sentencia primaria, según fue confirmada por el tribunal apelativo, sin haber recurrido ante este Tribunal, el 13 de marzo de 2020 la parte recurrida solicitó el relevo de la sentencia en rebeldía. Acompañó su solicitud con una carta de una renuncia presentada por el peticionario previamente, entre otros

---

[2] Peña Lacern v. Martínez Hernández y otros, KLAN201900903, en las págs. 15-16 (sentencia en reconsideración de 17 de diciembre de 2019), https://dts.poderjudicial.pr/ta/2019/KLAN201900903-17122019.pdf.

documentos del expediente de personal mientras este se desempeñó como guardia de seguridad. Alegó que los documentos evidenciaban la relación obrero-patronal con EM Policía Privada, Inc., y que el peticionario conocía la verdadera identidad de su patrono.

La parte recurrida adujo que no pudo presentar la referida carta durante el trámite por excusable negligencia, debido a los daños que el Huracán María ocasionó en sus instalaciones.[3] Planteó que el descubrimiento de esta prueba esencial evidenciaba que el peticionario indujo al tribunal a condenar a la parte equivocada al pago de determinada indemnización e incluso hacía nula la sentencia emitida. Sin embargo, el Tribunal de Primera Instancia denegó de plano la solicitud de relevo de sentencia.

No conforme con la denegatoria de plano, la parte recurrida acudió al Tribunal de Apelaciones mediante recurso de *certiorari*. Argumentó que la sentencia de instancia era nula por falta de una parte indispensable. En oposición, el peticionario alegó que el tribunal apelativo carecía de jurisdicción para atender el recurso porque el relevo de la sentencia fue solicitado fuera del plazo de

---

[3] Específicamente, alegó que los daños más significativos en las oficinas de EM Policía Privada, Inc., se debieron a la entrada de agua. Esto provocó la pérdida de importantes documentos, la destrucción de otros por la proliferación de hongos y el aislamiento de otros sin algún inventario. La situación con los documentos se agravó porque el 25 de diciembre de 2017 hubo un escalamiento en las oficinas, que para entonces no contaban con el servicio de energía eléctrica. Según adujo, los escaladores sustrajeron muebles y equipos electrónicos y al buscar entre los documentos desordenaron los archivos restantes.

sesenta días dispuesto por la Ley Núm. 2 o de los seis meses dispuestos por la Regla 49.2 de Procedimiento Civil.

El Tribunal de Apelaciones expidió el *certiorari* para resolverlo en sus méritos. Determinó que en este caso el plazo para solicitar el relevo de la sentencia era inoperante, ya que el dictamen era nulo por la falta de una parte indispensable. Entendió que los documentos que apoyaron la moción de relevo demostraron que el patrono del peticionario era EM Policía Privada y que esta entidad, cuyo agente residente e incorporador era el recurrido Martínez Hernández, estaba registrada en el Departamento de Estado desde el 26 de agosto de 2009. Ante tal determinación, el tribunal apelativo revocó la resolución denegatoria de la moción de relevo y desestimó la querella de epígrafe.

En esa coyuntura, el peticionario presentó este *certiorari* con múltiples señalamientos de error en cuanto a la sentencia emitida por el tribunal apelativo. Esencialmente, plantea error por la falta de jurisdicción, conforme a lo dispuesto en la sección 6 de la Ley Núm. 2, y por declarar nula la sentencia primaria por la ausencia de una parte indispensable. En particular, señaló que el apelativo erró al pasar juicio sobre las materias o los asuntos debidamente adjudicados, y que eran finales y firmes, en contra de la doctrina de la ley del caso y de cosa juzgada.

Expedimos el recurso, y con el beneficio de la comparecencia de ambas partes, resolvemos en los méritos la controversia que presenta este caso, no sin antes exponer la doctrina legal vigente.

II

## A.  Procedimiento Sumario de Reclamaciones Laborales

La Ley Núm. 2 de 17 de octubre de 1961, también conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*,[4] establece un mecanismo especial que tiene como propósito esencial la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en los casos de reclamaciones salariales, beneficios o derechos, como lo es el pago de la mesada en caso de un despido injustificado.[5] Para lograr este propósito, y al considerar la disparidad económica entre el patrono y el obrero, así como el hecho de que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción.[6]

---

[4] 32 LPRA secs. 3118-3132 (2017).

[5] Santiago Ortiz v. Real Legacy Assurance Company, Inc., 206 DPR 194, 206 (2021); Bacardi Corporation v. Torres Arroyo, 202 DPR 1014, 1019 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 265 (2018); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 732 (2016).

[6] Díaz Santiago v. PUCPR et al., res. el 7 de junio de 2021, 2021 TSPR 79, en la pág. 8; León Torres v. Rivera Lebrón, 204 DPR 20, 31 (2020). Nótese que en el 2014 la Asamblea Legislativa atemperó las disposiciones de la Ley Núm. 2 para extender el carácter sumario del estatuto a la etapa apelativa y así cumplir el principio rector de proveer al obrero un remedio rápido y eficaz. Exposición de Motivos de la Ley Núm. 133-2014. *Véase, además,* Medina Nazario v. McNeil Healthcare LLC, 194 DPR

Destaca que con esta herramienta expedita se instituyó un plazo corto para que el patrono conteste la querella laboral o solicite una prórroga dentro del plazo dispuesto. De manera que, si el patrono no contesta en un plazo de diez o quince días, según corresponda al distrito judicial donde fue presentada la querella y su ubicación, ni solicita una prórroga juramentada, el juez primario emitirá la sentencia y concederá el remedio solicitado, sin más citarle ni oírle.[7] En este contexto, el incumplimiento con el plazo legal para contestar la querella o solicitar una prórroga juramentada inexorablemente impone al patrono querellado los efectos de la litigación en rebeldía, pues el tribunal primario no tiene discreción para denegar su anotación.[8]

Asimismo, una de las condiciones de la litigación civil modificadas en este trámite especial es que el patrono querellado debe "hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva".[9] Bajo esta

---

723, 733 (2016). Así, la actual sección 9 de la Ley Núm. 2, 32 LPRA sec. 3127, dispone que el recurso de apelación para revisar una sentencia del Tribunal de Primera Instancia deberá presentarse ante el Tribunal de Apelaciones en el término jurisdiccional de 10 días, contados a partir de la notificación de la sentencia del foro de instancia. De igual forma, dispone que el recurso de *certiorari* para revisar la sentencia dictada por el foro apelativo intermedio deberá presentarse ante el Tribunal Supremo en el término jurisdiccional de 20 días, computados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones.

[7] 32 LPRA sec. 3120.

[8] Vizcarrondo Morales v. MVM, Inc., 174 DPR 921 (2008).

[9] Sección 3 de la Ley Núm. 2, 32 LPRA sec. 3120.

medida especial el patrono no puede enmendar su contestación a la querella para traer nuevas defensas afirmativas.[10]

Cónsono con el trámite especial, la propia Ley Núm. 2 dispone que las Reglas de Procedimiento Civil aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones específicas de esta o con el carácter sumario del procedimiento especial establecido en esta legislación.[11] El sentido de la letra de este párrafo es claro. Para resolver si un trámite ordinario de las normas de procedimiento civil aplica o no al procedimiento especial, es necesario determinar si la regla es "conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento".[12]

Como la médula de la Ley Núm. 2 es el carácter sumario del procedimiento especial para las reclamaciones laborales, la jurisprudencia reciente de este Tribunal ha rechazado la aplicación de mecanismos procesales incompatibles con este carácter y reafirmado el deber de los tribunales de evitar que se desvirtúe la naturaleza

---

[10] Srio. del Trabajo v. J.C. Penney Co., Inc., 119 DPR 660, 669-671 (1987). Ahora bien, en *León Torres v. Rivera Lebrón*, resolvimos que, al aplicar supletoriamente la Regla 13.1 de Procedimiento Civil, en el contexto de un procedimiento sumario en virtud de la Ley Núm. 2, los empleados tienen la potestad de enmendar la querella presentada bajo determinadas condiciones.

[11] 32 LPRA sec. 3120.

[12] Díaz v. Hotel Miramar Corp., 103 DPR 314, 321 (1975).

especial y sumaria del trámite, así como la necesidad de la rápida disposición de las reclamaciones laborales.[13]

Aunque se ha reconocido la posibilidad de tener cierta flexibilidad ante las circunstancias extraordinarias que pueda presentar un caso en particular, en modo alguno se autoriza a los tribunales a soslayar el inequívoco y obligatorio precepto de rapidez en el trámite judicial estatuido en la Ley Núm. 2. De ordinario, "no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2".[14]

**B.    El relevo de la sentencia del trámite sumario laboral**

En virtud de la Sección 6 de la Ley Núm. 2, según enmendada por la Ley Núm. 133-2014 que la renumeró como tal,[15] cuando se emita una sentencia bajo el procedimiento laboral sumario dispuesto en la referida legislación especial, el tribunal conservará la discreción que le concede la Regla 49.2 de Procedimiento Civil para relevar a una parte de la sentencia. No obstante, tal como hemos

---

[13] Bacardi Corporation v. Torres Arroyo, 202 DPR 1014, 1019 (2019) (por el carácter sumario del procedimiento de la Ley Núm. 2, al patrono no le es permitido presentar una reconvención. Cualquier reclamación que tenga el patrono contra el empleado debe tramitarse en un pleito independiente); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 265 (2018)(la moción de enmiendas o determinaciones iniciales o adicionales es incompatible con el procedimiento sumario de reclamaciones laborales); Patiño Chirino v. Parador Villa Antonio, 196 DPR 439 (2016) (por ser incompatible con el procedimiento sumario laboral, las sentencias emitidas en un litigio tramitado en virtud de la Ley Núm. 2 no pueden ser objeto de reconsideración); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723 (2016) (debido a la naturaleza sumaria del procedimiento, las determinaciones interlocutorias emitidas no pueden ser objeto de reconsideración).

[14] Rios v. Industrial Optics, 155 DPR 1, 11 (2001).

[15] 32 LPRA sec. 3124.

observado en nuestra jurisprudencia anterior, la regulación de la moción de relevo de sentencia en la Sección 6 de la Ley Núm. 2 difiere en varios aspectos de la establecida en la Regla 49.2 de Procedimiento Civil.[16]

En primer lugar, en virtud del carácter sumario del procedimiento, el texto de la Sección 6 de la Ley Núm. 2 establece que la moción de relevo debe ser presentada "dentro del término de sesenta (60) días de notificada la sentencia a las partes […]. De no [presentarse] dentro del término […], el tribunal deberá declararla sin lugar de plano".[17] Por su parte, la Regla 49.2 de Procedimiento Civil establece un plazo de razonabilidad que no puede exceder los seis meses.[18]

En *Srio. del Trabajo v. Tribunal Superior*,[19] este Tribunal resolvió que el plazo de sesenta días para presentar la moción de relevo de sentencia que dispone la Ley Núm. 2 es fatal o jurisdiccional. Expresamos entonces que no cabía otra solución por la naturaleza sumaria del procedimiento y "el lenguaje en que está redactada la oración final que instruye al tribunal a declarar la moción

---

[16] Srio. de Trabajo v. Econo Tire Dist., 146 DPR 751, 754 (1998).

[17] 32 LPRA sec. 3124.

[18] Específicamente, el texto dispone: "La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento". Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

[19] 91 DPR 864 (1965).

sin lugar, de plano, en casos de inobservancia del término".[20]

En segundo lugar, la Sección 6 de la Ley Núm. 2 requiere que la moción exponga, bajo juramento, los motivos en que se fundamenta la solicitud y establece que, de no presentarse de esta forma, el tribunal la deberá declarar sin lugar de plano. La Regla 49.2 de Procedimiento Civil no exige esto. Sin embargo, la fundamentación en ambos casos es importante porque, "[p]ara conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión".[21] Ahora bien, este mecanismo no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos apelativos permitidos bajo el procedimiento sumario de la Ley Núm. 2.[22]

En tercer lugar, la moción de relevo discrecional de la Sección 6 de la Ley Núm. 2 está disponible únicamente por motivo de "error, inadvertencia, sorpresa, excusable negligencia [y] fraude".[23] Nótese que entre los motivos que establece la referida sección no se incluyen otros que están específicamente nombrados en los incisos (b) al (f) de la

---

[20] *Id.* en la pág. 867. Sobre la aplicación de la fatalidad del plazo, véanse *Srio. de Trabajo v. Econo Tire Dist.,* 146 DPR 751 (1998) y *Resto Maldonado v. Galarza Rosario,* 117 DPR 458 (1986).

[21] García Colón v. Sucn. González, 178 DPR 527, 540 (2010).

[22] Rios v. Industrial Optics, 155 DPR 1, 15-16 (2001).

[23] 32 LPRA sec. 3124.

Regla 49.2 de Procedimiento Civil,[24] a saber: (1) descubrimiento de evidencia esencial; (2) falsa representación u otra conducta impropia de una parte adversa; (3) nulidad de la sentencia; (4) que la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en la que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, y (5) cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia.[25]

Conforme a nuestros pronunciamientos en *García Colón v. Sucn. González*,[26] para solicitar el relevo de sentencia bajo el motivo de error, inadvertencia, sorpresa o excusable negligencia, hay que tener en cuenta lo siguiente:

> [N]o es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos y causas específicas que constituyen la justificación de la omisión. Así, el promovente debe demostrar mediante preponderancia de prueba los hechos que justifican la moción.
>
> Además de la demostración de error, inadvertencia, sorpresa o negligencia excusable, también tiene que existir una defensa meritoria. Cuando se solicite el remedio reconocido bajo el inciso en discusión, le corresponde al tribunal hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo error, inadvertencia o sorpresa.

---

[24] 32 LPRA Ap. V, R. 49.2.

[25] Srio. de Trabajo v. Econo Tire Dist., 146 DPR 751, 754-755 (1998); Srio. del Trabajo v. Tribunal Superior, 91 DPR 864, 867 esc. 1 (1965).

[26] 178 DPR 527 (2010).

En cuanto al error como fundamento para la moción de relevo, éste puede ser uno de la parte promovente, de la parte adversa, o del juez, pero debe ser un error extrínseco a la sentencia u orden. Es necesario que la parte que alega la comisión del error, presente la prueba extrínseca a los autos que lo acredita.

Cabe señalar que la moción de relevo de sentencia no está disponible para corregir errores de derecho ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación[,] pero no para el relevo.[27]

En el pasado hemos confirmado el relevo de una sentencia emitida al amparo de la Ley Núm. 2 por sorpresa debido a que el patrono había solicitado en tiempo la prórroga para contestar, pero no fue notificado de la denegatoria. Específicamente, en *Murphy Lugo v. Atl. So. Insurance Co.*,[28] este Tribunal entendió que la Secretaría del Tribunal de Primera Instancia había errado al devolver por iniciativa propia la moción de prórroga no jurada del patrono, sin incluirla en el expediente del caso.

En tal caso razonamos que, si el juez hubiese tenido ante su consideración la moción de prórroga, quizás el patrono querellado, que demostró tener interés en defenderse, hubiera podido comparecer adecuadamente al pleito. La ausencia en el expediente del caso de una alegación de la parte querellada dio lugar a que se dictara sentencia en rebeldía en su contra, lo que indudablemente fue una sorpresa para ella. Por esta particularidad, en aquella ocasión resolvimos que el tribunal de instancia no abusó de su discreción al relevar al patrono que compareció

---

[27] *Id.* en las págs. 542-543 (citas omitidas).

[28] 91 DPR 335 (1964).

tres días después de notificada la sentencia a solicitar la reapertura del caso o el relevo de la sentencia emitida en rebeldía.

En un escolio este Tribunal advirtió que la actuación del tribunal primario de relevar y conceder tiempo para contestar la querella pudo estar fundamentada en la posible falta de jurisdicción sobre la parte querellada. Esto debido a que ni en la certificación del emplazamiento efectuado por el alguacil ni en la querella o en algún otro documento se relacionaba a la persona emplazada con la compañía querellada.[29] Cabría recordar que, conforme a la Regla 49.2 de Procedimiento Civil, una moción a su amparo no limita el poder del tribunal para "conceder un remedio a una parte que en realidad no haya sido emplazada".[30]

Poco tiempo después, en *Srio. del Trabajo v. Tribunal Superior*,[31] nos expresamos en cuanto a las limitaciones en la presentación de una moción sobre relevo de sentencia al amparo de la Ley Núm. 2. En ese caso el patrono presentó una solicitud de relevo de la sentencia emitida en rebeldía transcurridos aproximadamente cuatro meses de la notificación y en medio del trámite ejecutivo. Al evaluar la corrección de la actuación primaria que concedió el

---

[29] Murphy Lugo v. Atl. So. Insurance Co., 91 DPR 335, 338-339 esc. 2 (1964) (la parte querellada era "Atlantic Southern Insurance Company of Puerto Rico". Sin embargo, el alguacil certificó que había emplazado personalmente a "Enrique Torres" como la parte querellada).

[30] Regla 49.2, inciso (2), de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

[31] 91 DPR 864 (1965).

relevo solicitado, advertimos que la moción en cuestión había sido presentada fuera del plazo de sesenta días de notificada la sentencia en rebeldía y que, por la naturaleza especial, sumaria y expedita del procedimiento de reclamaciones laborales, el plazo era fatal.

Aunque ante esto había que concluir que el tribunal primario se excedió al conceder al patrono querellado el relevo solicitado, este Tribunal validó el relevo concedido porque la llamada moción de prórroga, que fue presentada oportunamente, equivalía a una negativa de los hechos expuestos en la querella judicial que era meritoria. En esta alegación responsiva el patrono expuso que la reclamación había sido dilucidada administrativamente y resuelta en forma contraria a las pretensiones del obrero.[32]

En *Díaz v. Hotel Miramar Corp.*,[33] aclaramos que, en su trayectoria como precedentes el caso de *Srio. del Trabajo* y el de *Murphy Lugo*, "no pueden entenderse como que se [habían] dejado inoperantes los requisitos de juramentación de prórroga y explicación de causa justificada exigidos en la [Ley Núm. 2]. Estos requisitos constituyen parte del

---

[32] Entendemos que al así actuar este Tribunal propiamente consideró la aplicación de la defensa afirmativa de cosa juzgada expresamente permitida en la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3. *Cf.* Resto Maldonado v. Galarza Rosario, 117 DPR 458 (1986). Consulte *Matos Velázquez v. Proctor Manufacturing Corp.,* 91 DPR 45, 49-50 (1964), sobre la aplicación de las Reglas 6.3 y 10.2 de Procedimiento Civil en el contexto del procedimiento sumario de reclamaciones laborales. Como sabemos, muchas de las defensas enumeradas en estas normas procesales, de prosperar, pueden hacer innecesario el litigar el pleito en su fondo. *Cf.* Rio Mar Community Association, Inc. v. Mayor Bianchi, res. el 24 de septiembre de 2021, 2021 TSPR 138.

[33] 103 DPR 314 (1975).

procedimiento especial cuya finalidad es la pronta solución de las reclamaciones [laborales]".[34]

En *Díaz v. Hotel Miramar Corp.*, conforme a la discreción que concede la Ley Núm. 2, este Tribunal solo relevó de la sentencia en rebeldía a la persona natural incluida en la querella para que esta pudiera litigar su responsabilidad personal. Esto al aceptar el señalamiento de error de que ni de las alegaciones ni de la prueba presentada surgía por qué esta persona debía responder en su carácter personal por las obligaciones corporativas de la hospedería, quien contrató con los empleados querellantes, según demostró la prueba presentada en la vista sobre la moción de relevo de sentencia.[35]

Posteriormente, en *Resto Maldonado v. Galarza Rosario*,[36] afirmamos que el Tribunal de Primera Instancia emitió la sentencia en rebeldía porque el patrono se cruzó de brazos y no contestó la querella dentro de la amplísima prórroga concedida. Allí resolvimos que el relevo de

---

[34] *Id*. en las págs. 319-320.

[35] *Id*. en las págs. 324-325. Entendemos que, aunque no se discute propiamente, al así actuar este Tribunal consideró que sostener el dictamen contra la persona natural, sin ninguna justificación en las alegaciones o en la prueba presentada, constituía una privación de su propiedad sin el debido proceso de ley. Sin duda, esta consideración revestiría el reclamo de relevo de un aspecto constitucional de primer orden en nuestra jurisdicción. Sobre el relevo de sentencia por violación al debido proceso de ley, véase nuestro reciente pronunciamiento en *HRS Erase v. CMT*, 205 DPR 689 (2020).

[36] 117 DPR 458, 463-464 (1986) (donde resolvimos que el plazo fatal de sesenta días comienza a decursar desde la notificación de la sentencia a la representación legal del patrono querellado. Haber resuelto que no corría el plazo hasta que el abogado notificara a su cliente de la sentencia sería desatender el criterio evaluativo que proyecta la Ley Núm. 2 sobre el carácter rápido y sumario del procedimiento).

sentencia era improcedente porque la moción fue presentada ya transcurrido el plazo fatal de sesenta días a partir de la notificación de la sentencia, según pautado en el caso *Srio. del Trabajo* y reafirmado en *Díaz v. Hotel Miramar Corp.*

Por la similitud con el caso ante nuestra consideración, conviene destacar los hechos descritos en *Srio. de Trabajo v. Econo Tire Dist.*[37] En aquella ocasión el patrono querellado solicitó el relevo de la sentencia emitida en rebeldía por nulidad. Según alegó el tribunal de instancia nunca adquirió jurisdicción sobre su persona porque "Econo Tire Distributors" carecía de personalidad jurídica, era solo el nombre con el cual hacía negocios, así como porque el empleado al que le fue entregado el emplazamiento era una persona analfabeta que no estaba autorizado para recibirlo. Cónsono con la línea jurisprudencial reseñada, este Tribunal declaró que el tribunal de instancia carecía de jurisdicción para considerar la solicitud de relevo por haber sido presentada fuera del plazo fatal de sesenta días desde la notificación de la sentencia emitida al amparo de la Ley Núm. 2.

Sabemos que un plazo fatal o jurisdiccional es improrrogable, es decir, no se puede extender a discreción, además que su incumplimiento no es subsanable. El incumplimiento de una parte con un término jurisdiccional o fatal establecido por ley priva al tribunal de

---

[37] 146 DPR 751 (1998).

jurisdicción para atender los méritos de la controversia. Cuando se carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia planteada. Cuando este Tribunal evalúa la intervención del tribunal apelativo debe asegurar que este dispense justicia dentro del espectro de autoridad conferido por ley. Por lo tanto, si el Tribunal de Apelaciones asume jurisdicción en un recurso, sin tenerla, es nuestro deber así declararlo. Esto, pues claramente los tribunales no tienen discreción para asumir jurisdicción donde no la hay.[38]

                                III

En este recurso el peticionario alega, en esencia, que el Tribunal de Apelaciones carecía de jurisdicción para considerar la moción de relevo de sentencia presentada por la parte recurrida y denegada de plano por el Tribunal de Primera Instancia. Tiene razón.

Entre las particularidades fácticas de esta controversia destaca que, una vez diligenciado el emplazamiento, en lugar de contestar en tiempo la querella instada bajo el procedimiento sumario de la Ley Núm. 2, la parte recurrida optó por solicitar la desestimación con documentación presuntamente demostrativa de que no existía una relación obrero-patronal con el peticionario. Esto en contravención a lo expresamente dispuesto en la Sección 3 de la Ley Núm. 2 a los efectos de que debe presentarse

---

[38] Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268-269 (2018).

oportunamente una sola alegación responsiva que incluya todas las defensas u objeciones que tenga a bien levantar el patrono querellado.

Evaluada la referida moción, el tribunal de instancia resolvió que la parte recurrida debía responder como patrono del peticionario y procedió a anotar la rebeldía. Llevado este planteamiento en apelación, el Tribunal de Apelaciones confirmó la sentencia final emitida en este caso. Destacó el tribunal apelativo que, en la vista en rebeldía, la parte recurrida también pretendió rebatir su responsabilidad como patrono del peticionario, pero la prueba presentada fue rechazada expresamente por el juzgador de instancia.

Siendo final y firme la sentencia de instancia, según fue confirmada por el tribunal apelativo en cuanto a la responsabilidad de la parte recurrida como patrono del peticionario, esta solicitó el relevo del dictamen emitido en rebeldía. Alegó que hubo excusable negligencia u omisión en cuanto a la presentación de la evidencia esencial, es decir, la que demostraba la relación obrero-patronal con EM Policía Privada, Inc., y que el peticionario conocía la identidad corporativa de su patrono. De igual modo, planteó la nulidad de la sentencia por falta de una parte indispensable. El Tribunal de Primera Instancia denegó de plano la moción, pero el Tribunal de Apelaciones acogió estos planteamientos y concedió el relevo de la sentencia emitida el 2 de agosto de 2019.

Lo primero a destacar es que, como la sentencia de instancia fue notificada el 5 de agosto de 2019, la parte recurrida tenía un plazo fatal e improrrogable de sesenta días para presentar tal solicitud. Es decir, el día final del plazo o el término para solicitar el relevo era el 4 de octubre de 2019 que, por ser un domingo, se extendía hasta el siguiente día laborable.

Sin embargo, la moción de relevo de sentencia fue presentada el 13 de marzo de 2020, es decir, transcurridos 221 días desde la notificación de la sentencia de instancia, lo que ni siquiera cumplía con el plazo de razonabilidad de seis meses de la Regla 49.2 de Procedimiento Civil. Ante esto, el tribunal de instancia estaba privado de jurisdicción para considerar la solicitud. Lo correspondiente era denegarla de plano, como efectivamente hizo el tribunal de instancia conforme al texto claro de la Sección 6 de la Ley Núm. 2 y de nuestra jurisprudencia interpretativa, en especial el caso de *Srio. de Trabajo v. Econo Tire Dist.*,[39] donde este Tribunal se negó a considerar por tardía la petición de relevo.

Lo segundo a destacar en este caso es que los motivos para presentar la moción de relevo tampoco eran los adecuados y no había una defensa meritoria que la respaldara. Sobre esto último, recordemos que los planteamientos habían sido debidamente adjudicados por el tribunal de instancia durante el trámite de la querella y

---

[39] 146 DPR 751 (1998).

evaluados a nivel apelativo de forma final y firme. Mediante la moción de relevo de sentencia, la parte recurrida pretendía litigar nuevamente un asunto adjudicado con un fundamento propio para el recurso apelativo provisto en ley, pues iba dirigido a atacar los aspectos intrínsecos del dictamen.

Recordemos que la moción de relevo de sentencia no es el mecanismo para corregir los errores de derecho o de la apreciación o valoración de la prueba que hizo el foro de instancia. El error, inadvertencia, sorpresa o negligencia excusable de la Sección 6 de la Ley Núm. 2 debe ser extrínseco a la sentencia, que es aquel error o inadvertencia que ha impedido al litigante presentar o dilucidar propiamente sus reclamaciones o defensas y no el que se refiere a los méritos de la sentencia.

La necesidad de que el motivo sea extrínseco a la sentencia surge de los precedentes en los que este Tribunal avaló el relevo de la sentencia emitida en el procedimiento sumario de la Ley Núm. 2, a saber: *Murphy Lugo v. Atl. So. Insurance Co.*,[40] y *Srio. del Trabajo v. Tribunal Superior*,[41]. En el primer caso, lo determinante fue el error de la Secretaría del Tribunal al no incluir la moción de prórroga en el expediente para que el juez dispusiera de ella y la sorpresa de la sentencia emitida en rebeldía para el patrono que solicitó el relevo o la reapertura del caso

---

[40] 91 DPR 335 (1964).

[41] 91 DPR 864 (1965).

inmediatamente supo del dictamen, a los tres días. Además, de considerar la posible defensa meritoria de falta de jurisdicción sobre la parte querellada por no haber sido efectivamente emplazada. En el segundo caso, este Tribunal consideró que la sentencia fue emitida por error en la anotación de rebeldía porque el juzgador no consideró la comparecencia oportuna de la parte querellada con la meritoria defensa afirmativa de cosa juzgada en el foro administrativo de las cuestiones planteadas en la querella.

En cuanto a la inadecuacidad de los motivos, mediante el mecanismo postsentencia de relevo, disponible de manera excepcional en el trámite especial de reclamaciones laborales y bajo limitados fundamentos, la parte recurrida pretendió presentar la prueba que presuntamente no pudo traer previamente por excusable negligencia u omisión, en particular por los daños ocasionados por el huracán María en sus instalaciones. Ciertamente, según el texto de la Sección 6 de la Ley Núm. 2, el descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo, no es uno de los motivos disponibles para solicitar el relevo de una sentencia dentro del procedimiento especial de la Ley Núm. 2. Recordemos que la naturaleza especial, sumaria y expedita, está fundamentada en el hecho de que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador, entre otras razones de política pública.

Como mencionamos, en este caso el Tribunal de Apelaciones resolvió que el plazo para solicitar el relevo de la sentencia era inoperante por el fundamento de nulidad. En particular, tras determinar que la sentencia era nula por no incluir una parte indispensable, específicamente a la corporación EM Policía Privada, Inc., que sería el verdadero patrono del peticionario. Erró en este proceder.

Los precedentes discutidos en el segundo acápite de esta opinión, particularmente el caso *Srio. de Trabajo v. Econo Tire Dist.*,[42] no avalan este curso de acción cuando la moción de relevo ha sido presentada fuera del plazo jurisdiccional dispuesto en la legislación especial para el trámite de las reclamaciones laborales. Como hemos expresado antes, los tribunales tienen que aplicar rigurosamente los términos taxativos de la Ley Núm. 2, a fin de garantizar la sencillez y celeridad de los procedimientos pretendida por el legislador en los casos de reclamaciones laborales.

IV

Por todo lo anterior, se revoca la sentencia emitida sin jurisdicción por el Tribunal de Apelaciones el 24 de agosto de 2020 para relevar a la parte recurrida del dictamen primario de 2 agosto de 2019. En consecuencia, la sentencia que condenó a la parte recurrida al pago a favor del peticionario de determinada indemnización por despido

---

[42] 146 DPR 751 (1998).

injustificado y de los salarios adeudados mantiene toda su fuerza y vigor.

Se dictará sentencia de conformidad.


                                    Erick V. Kolthoff Caraballo
                                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gilberto Peña Lacern

     Peticionario

        v.            CC-2020-0387    Certiorari

Israel Martínez Hernández y
otros

     Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 15 de agosto de 2022.

     Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la sentencia emitida sin jurisdicción por el Tribunal de Apelaciones el 24 de agosto de 2020 para relevar a la parte recurrida del dictamen primario de 2 agosto de 2019. En consecuencia, la sentencia que condenó a la parte recurrida al pago a favor del peticionario de determinada indemnización por despido injustificado y de los salarios adeudados mantiene toda su fuerza y vigor.

     Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

                   Javier O. Sepúlveda Rodríguez
                  Secretario del Tribunal Supremo