Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MARÍA DEL CARMEN OJEDA RODRÍGUEZ, ET AL<br><br>Recurrida<br><br>v.<br><br>GT CONSTRUCTION, INC., ET AL<br><br>Peticionaria | TA2025CE00772 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil núm.: AR2024CV00925 (404)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

Comparece ante este tribunal apelativo, GT Construction, Inc. (GTC o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Orden* emitida el 17 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), notificada ese mismo día. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la *Moción Solicitando Remedio contra Sentencia* instada por la parte peticionaria y; en consecuencia, se reiteró en la *Sentencia* emitida el 19 de mayo de 2025.

Por los fundamentos que expondremos a continuación, determinamos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido. En consecuencia, desestimamos sin perjuicio la demanda instada por María Del Carmen Ojeda Rodríguez y José Luis Ojeda Orona (en conjunto, los recurridos).

**I.**

El 17 de mayo de 2024, María Del Carmen Ojeda Rodríguez (María Del Carmen) y José Luis Ojeda Orona instaron una demanda sobre daños y perjuicios en contra de GTC, el Sr. Luis Gerardo Torres Jiménez, por sí y como Presidente de GTC, el Sr. José A. Santiago Meléndez, Point Guard y varias aseguradoras.[1] En esencia, se alegó que, el 18 de mayo del 2023, mientras ellos discurrían por la Carretera 670, en dirección de Manatí hacia Vega Baja, su auto fue impactado por un camión Mack, Modelo RD600, perteneciente a GTC, el cual era conducido por el Sr. José A. Santiago Meléndez (señor Santiago Meléndez).

Se adujo, además, que el accidente de tránsito fue causado exclusivamente por el señor Santiago Meléndez, empleado de GTC quien de forma negligente, crasa y temeraria no guardó distancia y chocó el vehículo de María Del Carmen por la parte trasera, lanzándolo a una distancia hacia adelante provocando que chocara y frenara contra el vehículo que iba más adelante.

Debido al accidente, se arguyó que ambos se han tornado muy nerviosos y ansiosos. Así pues, se solicitó al TPI que adjudique responsabilidad de forma solidaria a los demandados por el accidente. Además, se le condene al pago de los daños sufridos por el vehículo; así como por los perjuicios sufridos por concepto de angustias y sufrimientos mentales valorados en cuantías no menores de $15,000 y $20,000, respectivamente. También se peticionó el pago de intereses pre-sentencia, costas y gastos por temeridad, y una suma no menor de $5,000 por concepto de honorarios de abogado, más costas y gastos del litigio.

El mismo día, 17 de mayo de 2024, los recurridos incoaron una moción ante el foro revisado para solicitar se expidieran los

---

[1] El 20 de mayo se instó una demanda enmendada para incluir la firma electrónica del Sr. José Luis Ojeda Orona, lo cual fue autorizado por el TPI.

correspondientes emplazamientos. El **23 de mayo siguiente**, la Secretaría del TPI expidió los emplazamientos en contra de GT Construction, Inc., del Sr. José A. Santiago Meléndez, del Sr. Luis Gerardo Torres Jiménez, y de Point Guard.[2] **Del trámite judicial ante el TPI no surge que los demandados fueran emplazados**.

Ahora bien, y en lo concerniente, **el 15 de mayo de 2025**, los recurridos presentaron un *Aviso de Desistimiento*. En este, expresaron que acorde con "... lo estatuido en la Regla 39.1(a)(1) de las de Procedimiento Civil de Puerto Rico, según enmendadas, la Parte Demandante notifica el desistimiento de la demanda de epígrafe SIN PERJUICIO."[3] En respuesta a dicho petitorio, al día siguiente, y notificada el 19 de mayo posterior, el TPI dictó la *Sentencia de Desistimiento* en la que dispuso lo siguiente:[4]

### SENTENCIA DE DESISTIMIENTO

Vista la moción de Aviso de Desistimiento presentada el 15 de mayo de 2025, el Tribunal determina lo siguiente:

En virtud de las disposiciones de la Regla 39.1(a) de las de Procedimiento Civil para el Tribunal General de Justicia, se decreta el archivo de este caso **sin perjuicio**, sin especial imposición de costas ni honorarios de abogado.

REGISTRESE Y NOTIFIQUESE.

El **3 de octubre de 2025**, sin someterse a la jurisdicción del tribunal, la parte peticionaria presentó un escrito intitulado *Moción Solicitando Remedio contra Sentencia* al palio de la Regla 49.2 de las de Procedimiento Civil, *infra*.[5] En esta argumentó que los emplazamientos fueron expedidos el 23 de mayo de 2024; los recurridos, como demandantes, no diligenciaron ninguno de estos; el 15 de mayo de 2025, esto es casi un (1) año desde que se instó la demanda y de que se expidieron los emplazamientos se presentó una

---

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entradas núms. 4-8.
[3] SUMAC TPI, Entrada núm. 10.
[4] SUMAC TPI, Entrada núm. 11.
[5] SUMAC TPI, Entrada núm. 13.

*Moción de Desistimiento* sin perjuicio de la demanda; y en respuesta el foro primario dictó una *Sentencia de Desistimiento* habiendo transcurrido en exceso de los 120 días desde que fueron expedidos los emplazamientos. Por tanto, señaló que, a tenor con la doctrina jurisprudencial citada en la antedicha moción, una vez transcurre dicho plazo sin haberse diligenciado los emplazamientos, el TPI viene obligado a emitir *Sentencia* desestimando sin perjuicio la causa de acción. Así pues, se le solicitó al foro recurrido que deje sin efecto la *Sentencia de Desistimiento* improcedente en derecho y en su lugar, dicte la Sentencia desestimando sin perjuicio la misma por incumplir con la Regla 4.3 (c) de las de Procedimiento Civil, *infra.* El foro *a quo* emitió una Orden para que los recurridos se expresaran.

El 16 de octubre de 2025, estos cumplieron con lo ordenado mediante una *Moción en cumplimiento de Orden*[6] en la argumentaron que se cumplió cabalmente con las disposiciones de la Regla 39.1 (a) al desistir de su reclamación y, a su vez, que la Regla 4.3(c), no contiene limitación alguna al derecho del demandante a presentar un aviso de desistimiento.

Asimismo, estos indicaron que una moción de relevo de sentencia no puede sustituir los recursos procesales de apelación o reconsideración y que la solicitud de la parte peticionaria no cumple con ninguno de los criterios de la Regla 49.2 de las de Procedimiento Civil.

Analizados los escritos, el 17 de octubre de 2025, el TPI emitió una Orden en la que declaró *No Ha Lugar* al pedido de GTC y resolvió que se reitera en la *Sentencia* notificada el 19 de mayo de 2025.[7]

Inconforme con lo determinado, la parte peticionaria acude ante esta *Curia* imputándole al foro primario haber incurrido en los siguientes errores:

---

[6] SUMAC TPI, Entrada núm. 15.
[7] SUMAC TPI, Entrada núm. 16. La Orden se notificó el mismo día.

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE ARECIBO Y ABUSÓ DE SU DISCRECIÓN, AL NO EMITIR UN REMEDIO CONTRA LA SENTENCIA DICTADA, PUESTO QUE DICHA SALA NO TENÍA JURISDICCIÓN PARA EMITIR UNA SENTENCIA POR DESISTIMIENTO.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE ARECIBO, Y ABUSÓ DE SU DISCRECIÓN, AL NO RELEVAR SU SENTENCIA DE DESISTIMIENTO PARA PODER APLICAR LO DISPUESTO EN *ROSS VALEDÓN V. HOSPITAL DR. SUSONI HEALTH COMMUNITY SERVICES, CORP.*, 2024 TSPR 10 Y EMITIR COMO REMEDIO UNA SENTENCIA DE DESESTIMACIÓN, SIN PERJUICIO, A PESAR DE QUE LOS HECHOS DEL PRESENTE CASO CUMPLEN CON LO DISPUESTO EN DICHA NORMATIVA.

TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE ARECIBO, Y ABUSÓ DE SU DISCRECIÓN, AL NO EMITIR UN REMEDIO CONTRA UNA SENTENCIA DE DESISTIMIENTO QUE FUE DICTADA SIN HABER ADQUIRIDO JURISDICCIÓN SOBRE NINGUNO DE LOS DEMANDADOS, PUESTO QUE LA PARTE DEMANDANTE NUNCA DILIGENCIÓ LOS EMPLAZAMIENTOS CONFORME A DERECHO POR LO CUAL DICHA SENTENCIA ES NULA Y VIENE OBLIGADO A DICTAR SENTENCIA DE DESESTIMACIÓN.

El 17 de noviembre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 25 de noviembre de 2025 para expresarse. Ese mismo día se cumplió con lo ordenado, por lo que nos damos por cumplidos, y a su vez, decretamos el recurso perfeccionado.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas

instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**Regla 49.2 de las de Procedimiento Civil**

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece el mecanismo procesal que se tiene disponible para solicitar al **foro de instancia** el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí dispuestos. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Náter v. Ramos*, 162 DPR 616, 624 (2004). La misma provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *García Colón et al. v. Sucn. González*, supra; *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977). El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la Regla 49.2, *supra. García Colón et al. v. Sucn. González*, supra; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). De esa manera, se permite al tribunal cumplir con su deber de hacer un análisis de todo el expediente del caso para determinar si se da una de las causales dispuestas en la Regla 49. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817 (1986). La Regla 49.2, *supra*, dispone, que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Aunque la Regla 49.2, *supra*, debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses a balancear. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Dávila v. Hosp. San Miguel, Inc.*, supra, a la pág. 818. Es norma hartamente reiterada que la Regla 49.2, *supra*, "no es una llave maestra para reabrir a capricho el pleito ya adjudicado". (Énfasis Nuestro). *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

El mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración y tampoco existe para proveer un remedio adicional contra una sentencia erróneamente dictada. *Náter v. Ramos*, supra, a la pág. 625; *Olmedo Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989). Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, pues, la Regla 49.2 *supra*, no se puede utilizar para premiar conducta en perjuicio de los intereses de la otra parte y la buena administración de la justicia. *Dávila v. Hosp. San Miguel, Inc.*, supra, a las págs. 816 y 819.

En otras palabras, las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. *Piazza Vélez v. Isla del Río, Inc.*, supra, a la pág. 449. Asimismo, la reapertura de un caso sin muestra de justa causa constituye un abuso de discreción. *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974).

Con relación al término, la Regla 49.2, *supra*, dispone que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." (Énfasis nuestro). El Tribunal Supremo ha resuelto, y la Regla 49.2 es categórica en cuanto a esto, que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Piazza Vélez v. Isla del Río, Inc.*, supra, a la pág. 448; *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 937 (1971); *Srio. del Trabajo v. Tribunal Superior*, 91 DPR 864, 867 (1965). La fatalidad del término de seis (6) meses para las mociones de reapertura es la clara norma procesal vigente. *Piazza Vélez v. Isla del Río, Inc.*, supra, a la pág. 450, citando a R. Hernández Colón, *Derecho Procesal Civil*, San Juan, Ed. Michie, 1997, págs. 309–310. No obstante, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, supra; *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921–922 (2000). En estos casos, la parte promovedora de la moción de relevo de sentencia no estará limitada por el término de seis (6) meses, dispuestos en la Regla 49.2, *supra*. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 699 (2020).

**El Emplazamiento**

En términos generales, la jurisdicción ha sido conceptualizada como el poder o autoridad con el que está investido un tribunal u organismo adjudicativo para atender los casos y las

controversias que se le presenten. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). Ningún tribunal podrá actuar sobre un demandado sin antes haber adquirido la autoridad necesaria para ello, es decir, si antes no adquiere jurisdicción sobre su persona. *Cirino González v. Administración de Corrección, et al.*, 190 DPR 14, 37 (2014).

Dentro de nuestro esquema adversativo civil, el emplazamiento constituye el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 22 (1993). El emplazamiento también persigue el propósito de notificar a la parte demandada que se ha instado en su contra una reclamación civil de suerte que pueda ésta comparecer al pleito, ser oída y defenderse si es que así lo interesa. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). Asimismo, el emplazamiento permite que la parte contra la cual se ha iniciado el proceso en su contra quede obligada con el dictamen que en su día emita el tribunal. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).

Al ser el emplazamiento un mecanismo de rango constitucional, el fiel y cabal obedecimiento de sus requisitos resulta ser de **estricto cumplimiento**. *Bernier González v. Rodríguez Becerra,* supra, a la pág. 655; *Torres Zayas v. Montano Gómez et als.*, supra, a la pág. 468. Sobre ello, la Regla 4.3 (c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, establece lo siguiente:

> El emplazamiento será diligenciado en el término de **ciento veinte (120) días** a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el**

**Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. [Énfasis Nuestro].

En *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), el Tribunal Supremo tuvo la oportunidad de aclarar el lenguaje de referida Regla 4.3, *supra*. Luego de hacer un recuento de las enmiendas que ha sufrido la citada norma, concluyó que **no cabe hablar de discreción a la hora de extender el término de ciento veinte (120) días provistos para el diligenciamiento del emplazamiento** y en cambio, **el tribunal primario está obligado a desestimar automáticamente la reclamación**. Véase, también, *Martajeva v. Ferre Morris*, 210 DPR 612, 621 (2022); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1010 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 991 (2020).

### III.

En esencia, GTC planteó que el TPI erró al emitir una *Sentencia de Desistimiento* sin tener jurisdicción. Asimismo, señaló que el foro primario incidió al no relevar dicho dictamen acorde con lo dictaminado en el ordenamiento jurídico, a pesar de que el trámite procesal del caso cumple con la normativa jurisprudencial. A su vez, arguyó que la referida sentencia es nula debido a que los recurridos nunca diligenciaron los emplazamientos, conforme a derecho y el tribunal viene obligado a dictar sentencia de desestimación. Por estar los señalamientos de error relacionados entre sí, los discutiremos en conjunto.

De entrada, advertimos que la controversia planteada está incluida en las instancias que esta *Curia* puede atender al palio de los criterios de nuestra Regla 40, *supra*. En consecuencia, al estar presente algunos de estos, determinamos expedir el recurso

solicitado, en especial, por ser el momento más propicio para atenderlo, la disposición de la decisión recurrida, a diferencia de sus fundamentos, es contraria a derecho y, así, evitar un fracaso irremediable de la justicia.

Primeramente, la Sentencia que se pretende dejar sin efecto la dictó el TPI el 16 de mayo de 2025, notificada el 19 de mayo siguiente, por lo que desde esta última fecha comenzó el término de seis (6) meses para presentar la solicitud, al amparo de la Regla 49.2 de las de Procedimiento Civil, *supra*. Así pues, el reclamo se instó oportunamente más en el escrito se planteó la nulidad de la sentencia, la cual es una de las causales detalladas en la norma según exige el ordenamiento jurídico.

Por otro lado, y según reseñamos en el derecho precedente, el Tribunal Supremo ha sido enfático en que el término de ciento veinte (120) días para diligenciar los emplazamientos es **improrrogable**.[8] Lo que implica que **el foro primario no tiene discreción para extender el mismo**.

Así pues, la parte que interese emplazar solo cuenta con el referido plazo para llevar a cabo la gestión. Enfatizamos que este término comienza a transcurrir una vez la Secretaría del Tribunal de Primera Instancia expide los emplazamientos correspondientes. El incumplimiento con tal precepto obliga al TPI a desestimar la demanda y a ordenar el archivo del caso.

En el presente caso, la demanda se presentó el 17 de mayo de 2024. Luego, el **24 de mayo de 2024**, la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos correspondientes. A partir de dicha fecha, la parte recurrida contaba con ciento veinte (120) días para diligenciarlos, término que vencía **el 20 de**

---

[8] Véase, también, *Martajeva v. Ferre Morris*, 210 DPR 612, 621 (2022); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1010 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 991 (2020).

**septiembre de 2024**. No obstante, el mismo expiró sin que estos diligenciaran los emplazamientos. **Ante ello, el foro primario está obligado a desestimar automáticamente la reclamación, lo que como vimos no hizo.**

Sobre lo anterior, en *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 492-493 (2024), el Tribunal Supremo reiteró dicha doctrina más decretó que:

> [H]oy pautamos sin ambages que, ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, **los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial**. **Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, supra, corresponde poner en vigor los efectos de esta y decretar la desestimación sin perjuicio, en lugar de dar por desistido el asunto.** Lo contrario —esto es, permitir el desistimiento sin perjuicio—, podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la regla precitada, tal desestimación no sea con perjuicio, ya que el pleito original no se desestimó, sino que se entendió desistido sin perjuicio. Rechazamos tal pretensión, pues, sería improcedente permitir que una parte que falló en diligenciar los emplazamientos pueda desistir del pleito y, con ello, se escude de los efectos de su incumplimiento. **En su lugar, reafirmamos que desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3(c) de Procedimiento Civil, supra.** Al realizar esta interpretación, descartamos expresamente la pretensión de que, ante el incumplimiento con el diligenciamiento de los emplazamientos en el término concebido, la causa de acción queda desestimada automáticamente sin que sea necesaria la intervención de los tribunales. (Énfasis nuestro)

Promulgó, además, el más alto foro que en el caso de "que la parte demandante comparezca y solicite el desistimiento, lo que conllevará que el tribunal decline conceder el desistimiento solicitado y, en su lugar, decrete prontamente una sentencia desestimando el caso. Advertimos que únicamente en el último par [*sic*] de los escenarios planteados, procedería que, tras el incumplimiento con el diligenciamiento de los emplazamientos dentro del término de 120 días, el tribunal dicte sentencia desestimando y archivando sin perjuicio, según es ordenado por la

Regla 4.3(c) de Procedimiento Civil, supra." *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra, pág. 494.

Por tanto, resulta forzoso reiterar que, al incumplirse con los requerimientos mandatorios de la Regla 4.3(c) de las de Procedimiento Civil, antes citada, el foro revisado **únicamente tenía facultad para desestimar la demanda y ordenar el archivo del caso.**

En este sentido, el foro primario incidió en su proceder al negarse a conceder la moción de relevo presentada por GTC por la causal de nulidad de la sentencia y fallar en dejar sin efecto la Sentencia notificada el 19 de mayo de 2025. Recalcamos que, según la doctrina jurisprudencial previamente discutida, el tribunal recurrido no tenía discreción para denegar este reclamo fundamentando su raciocinio en la posterior moción de desistimiento presentada por los recurridos, al palio de la Regla 39.1(a) de las de Procedimiento Civil. Recordemos que según advirtió el Tribunal Supremo en *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra, "**ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo sin perjuicio de la reclamación judicial**. **Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, supra, corresponde poner en vigor los efectos de esta y decretar la desestimación sin perjuicio, en lugar de dar por desistido el asunto.**"

En fin, nos encontramos ante una Sentencia nula por haber sido emitida por el foro *a quo* sin facultad para ello. Por ende, el TPI incurrió en los errores imputados y entonces, procede autorizar la moción de relevo al amparo de la Regla 49.2 de las de Procedimiento Civil, *supra,* presentada por GTC. En consecuencia, resulta dictar

Sentencia desestimando la demanda sin perjuicio instada por los recurridos.

## IV.

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y revocamos la *Orden* recurrida. En consecuencia, procede conceder el reclamo instado por GTC, al amparo de la Regla 49.2 de las de Procedimiento Civil, antes citada y desestimar sin perjuicio la demanda instada por María Del Carmen Ojeda Rodríguez y José Luis Ojeda Orona.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones